Carmona v HUB Props. Trust (2020 NY Slip Op 05030)





Carmona v HUB Props. Trust


2020 NY Slip Op 05030


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX, JJ.


2019-04884
 (Index Nos. 8871/09, 20749/10)

[*1]Delfino Carmona, plaintiff-respondent, 
v
HUB Properties Trust, et al., defendants-respondents, Skyline Restoration, Inc., defendant second third-party plaintiff, et al., defendant; J. Duchi's Painting Corp., second third-party defendant-appellant (and another third-party action). (Action No. 1)
Delfino Carmona, plaintiff-respondent,
v
Commonwealth REIT, defendant-respondent, HRPT Properties Trust, defendant fourth third-party plaintiff-respondent; HUB Properties Trust, et al., fourth third-party plaintiffs-respondents; J. Duchi's Painting Corp., fourth third-party defendant-appellant (and other third-party actions). (Action No. 2)


Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Michael T. Reagan of counsel), for second third-party defendant-appellant in Action No. 1 and fourth third-party defendant-appellant in Action No. 2.
Hecht, Kleeger, Pintel & Damashek (Ephrem J. Wertenteil, New York, NY, of counsel), for plaintiff-respondent.
Melito & Adolfsen P.C., New York, NY (Steven I. Lewbel of counsel), for defendants-respondents in Action No. 1 and defendant fourth third-party plaintiff-respondent and fourth third-party plaintiffs-respondents in Action No. 2.



DECISION & ORDER
In related actions to recover damages for personal injuries, J. Duchi's Painting Corp., the second third-party defendant in Action No. 1 and the fourth third-party defendant in Action No. 2, appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered April 2, 2019. The order, insofar as appealed from, granted that branch of the motion of the plaintiff in Action Nos. 1 and 2, and that branch of the cross motion of HUB Properties Trust and REIT Management & Research, LLC, defendants in Action No. 1 and fourth third-party plaintiffs in Action No. 2, HRPT Properties Trust, a defendant in Action No. 1 and the defendant fourth third-party plaintiff in Action No. 2, and Commonwealth REIT, a defendant in Action No. 2, which were pursuant to CPLR 3126 to strike the answer of J. Duchi's Painting Corp.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff commenced a personal injury action against, among others, HUB Properties Trust, REIT Management & Research, LLC, and HRPT Properties Trust, and a related personal injury action against Commonwealth REIT and HRPT Properties Trust (hereinafter collectively the HUB entities). A third-party action was thereafter commenced against J. Duchi's Painting Corp. (hereinafter J. Duchi) in each action. The parties entered into a so-ordered stipulation that required J. Duchi to appear for a deposition on or before July 28, 2017, and to respond to any outstanding discovery within 30 days. J. Duchi failed to do so. A second stipulation dated August 14, 2018, required J. Duchi to appear for a deposition on October 18, 2018, and to respond to any outstanding discovery. On October 17, 2018, counsel for J. Duchi advised that the deposition could not go forward because she could not get confirmation from her client of an intent to appear.
The plaintiff subsequently moved, and the HUB entities cross-moved, inter alia, pursuant to CPLR 3126 to strike J. Duchi's answer. In opposition to the motion and the cross motion, J. Duchi's counsel asserted that a good-faith effort was made to gain the cooperation of her client. Counsel submitted an affidavit of an investigator, who explained that he had made numerous efforts to obtain compliance from the representatives of J. Duchi, and that, although he had been able to make contact with them, he had been unable to secure their compliance. In an order entered April 2, 2019, the Supreme Court, inter alia, granted those branches of the motion and the cross motion which were to strike J. Duchi's answer. J. Duchi appeals.
Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court (see Corex-SPA v Janel Group of N.Y., Inc., 156 AD3d 599, 601). "Although actions should be resolved on the merits wherever possible, a court may strike the 'pleadings or parts thereof' (CPLR 3126[3]) as a sanction against a party who 'refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed'" (Bouri v Jackson, 177 AD3d 947, 949, quoting CPLR 3126 [citation omitted]). "'To invoke the drastic remedy of striking an answer, it must be shown that a defendant's failure to comply with a disclosure order was the result of willful and contumacious conduct'" (Carabello v Luna, 49 AD3d 679, 679, quoting Maignan v Nahar, 37 AD3d 557, 557).
Here, J. Duchi repeatedly failed to appear for a deposition and to respond to outstanding discovery. Although J. Duchi's counsel was able to contact her client, the client nonetheless willfully refused to comply with discovery. Under these circumstances, the Supreme Court did not improvidently exercise its discretion in granting those branches of the motion and the cross motion which were to strike J. Duchi's answer. The fact that the representatives of J. Duchi disappeared or made themselves unavailable did not provide a basis for denying those branches of the motion and the cross motion (see Bouri v Jackson, 177 AD3d at 949; Sepulveda v 101 Woodruff Avenue Owner, LLC, 166 AD3d 835, 837).
SCHEINKMAN, P.J., MASTRO, BALKIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court