Kopelevich & Feldsherova, P.C. v Geller Law Group, P.C. (2021 NY Slip Op 01034)





Kopelevich & Feldsherova, P.C. v Geller Law Group, P.C.


2021 NY Slip Op 01034


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2019-06048
 (Index No. 504086/15)

[*1]Kopelevich & Feldsherova, P.C. appellant,
v
Geller Law Group, P.C., et al., respondents, et al., defendant.


Treybich Law, P.C., New York, NY (Michael Treybich of counsel), for appellant.
Stein Farkas & Schwartz, LLP, New York, NY (Jeffrey M. Schwartz and Danielle Siegal of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated March 15, 2019. The order granted the motion of the defendants Geller Law Group, P.C., and Mark Geller pursuant to CPLR 3126 to preclude the plaintiff from continuing any further deposition of Mark Geller, and granted the plaintiff's cross motion pursuant to CPLR 3126 to preclude those defendants from offering any evidence at trial and to resolve certain issues in favor of the plaintiff only to the extent of precluding those defendants from offering any evidence at trial and resolving certain issues in favor of the plaintiff if those defendants did not, within 14 days, either produce certain outstanding document discovery or provide an affidavit stating that the requested materials were not in their possession.
ORDERED that the order is affirmed, with costs.
In April 2015, the plaintiff commenced this action, inter alia, to recover damages for breach of a contract by which the plaintiff agreed to provide legal and consulting services to the defendant Geller Law Group, P.C., in exchange for a percentage of the statutory fees collected by the firm in its no-fault litigation practice. In August 2018, Geller Law Group, P.C., and its principal, the defendant Mark Geller (hereinafter together the defendants), moved pursuant to CPLR 3126 to strike the plaintiff's complaint or, in the alternative, to compel the plaintiff to produce documents and to extend the deadlines for depositions set forth in an order dated April 27, 2018. The plaintiff cross-moved pursuant to CPLR 3126. By order dated December 20, 2018, the Supreme Court, among other things, ordered that the continued deposition of Geller be conducted on or before January 28, 2019, and that the parties comply with its prior discovery orders by producing the requested materials or providing an affidavit stating that they did not possess them.
The defendants' attorney attempted to confirm the date of Geller's continued deposition by email on December 26, 2018, and January 22, 2019. In response, on January 22, 2019, the plaintiff's attorney requested that the defendants agree to hold the deposition in February, after the deadline had passed. The plaintiff's attorney stated that his client was away on a previously scheduled vacation and wanted to be present at the deposition. The defendants' attorney declined [*2]to consent to delay the deposition absent permission from the Supreme Court, and informed the plaintiff's attorney that Geller would be produced on January 28, 2019. The plaintiff did not seek an extension from the court.
After the plaintiff's attorney failed to appear to conduct the deposition on January 28, 2019, the defendants moved pursuant to CPLR 3126 to preclude the plaintiff from conducting any further deposition of Geller. The plaintiff cross-moved pursuant to CPLR 3126 to preclude those defendants from offering any evidence at trial and to resolve certain issues in favor of the plaintiff. By order dated March 15, 2019, the Supreme Court granted the defendants' motion, and granted the plaintiff's cross motion only to the extent of precluding the defendants from offering any evidence at trial and resolving certain issues in favor of the plaintiff if the defendants did not, within 14 days, either produce certain outstanding document discovery or provide an affidavit stating that the requested materials were not in their possession. The plaintiff appeals.
"Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court" (Carmona v HUB Props. Trust, 186 AD3d 1485, 1486 [internal quotation marks omitted]; see Vays v Luntz, 179 AD3d 744, 746). "Absent an improvident exercise of discretion, the determination to impose sanctions for conduct that frustrates the purpose of the CPLR should not be disturbed" (Vays v Luntz, 179 AD3d at 746 [internal quotation marks omitted]).
"If a party refuses to obey an order for disclosure or willfully fails to disclose information, the court may dismiss the action" (Corex-SPA v Janel Group of N.Y., Inc., 156 AD3d 599, 601; see CPLR 3126[3]). "[B]efore a court invokes the drastic remedy of striking a pleading, or even of precluding evidence, there must be a clear showing that the failure to comply with court-ordered discovery was willful and contumacious" (Vays v Luntz, 179 AD3d at 746 [internal quotation marks omitted]). "A court can infer that a party is acting willfully and contumaciously through the party's repeated failure to respond to demands or to comply with discovery orders" (id. [internal quotation marks omitted]).
Here, the plaintiff's attorney sought to postpone Geller's continued deposition less than a week before the deadline set by the Supreme Court, based on previously scheduled travel of his client, not based on the attorney's own unavailability or circumstances outside of his control. The plaintiff was informed that the defendants' attorney would not consent to an adjournment of the deposition beyond the deadline set by the court without the court's prior consent. The plaintiff's attorney made no attempt to seek an extension of the deadline from the court. Nevertheless, the plaintiff's attorney opted not to appear to continue the deposition of Geller, wilfully disregarding the deadline. Accordingly, the court providently exercised its discretion in precluding any further deposition of Geller (see Schneider v Schneider, 16 AD3d 573, 574).
Further, given the parties' past discovery disputes, the Supreme Court also providently exercised its discretion in granting the plaintiff's cross motion only to the extent of precluding the defendants from offering any evidence at trial and resolving certain issues in favor of the plaintiff if the defendants did not, within 14 days, either produce certain outstanding document discovery or provide an affidavit stating that the requested materials were not in their possession (see Matter of Metro-North Train Acc. of February 3, 2015, 178 AD3d 929, 931).
The plaintiff's remaining contentions are either without merit or improperly raised for the first time on appeal.
DILLON, J.P., HINDS-RADIX, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court