Matter of Carol Mallon Revocable Trust (2021 NY Slip Op 02521)





Matter of Carol Mallon Revocable Trust


2021 NY Slip Op 02521


Decided on April 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-03502

[*1]In the Matter of Carol Mallon Revocable Trust. Dennis Mallon, appellant; Russell R. Mallon, Jr., et al., respondents. (File No. 1535/14)


Mirkin & Gordon, P.C., Great Neck, NY (Timothy W. Clare of counsel), for appellant.
Aaron S. Kaufman, Commack, NY, for respondents.



DECISION & ORDER
In a proceeding to judicially settle the account of the petitioner, Dennis Mallon, as trustee of the Carol Mallon Revocable Trust, the petitioner appeals from an order of the Surrogate's Court, Suffolk County (John M. Czygier, S.), dated December 20, 2018. The order, insofar as appealed from, granted that branch of the objectants' motion which was pursuant to CPLR 3126 to impose sanctions against the petitioner.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The petitioner is the surviving trustee of the Carol Mallon Revocable Trust. Carol Mallon died on August 6, 2013. Pursuant to the trust, all tangible personal property of the trust was to be distributed equally to Carol Mallon's children, including the petitioner. The objectants are Carol Mallon's remaining surviving children.
On or about April 24, 2014, the objectants filed a petition for a compulsory accounting. This petition was granted by order dated July 18, 2014.
The objectants filed a petition dated November 21, 2014, to find the petitioner in contempt, contending that he had not timely provided an accounting as required by the order dated July 18, 2014. The objectants issued a notice of discovery and inspection dated June 30, 2015. The petitioner responded to the notice of discovery and inspection on or about September 2, 2015, and continued to provide supplemental disclosure throughout the pendency of the matter.
The objectants filed objections to the petitioner's accounting on or about November 17, 2015.
On or about October 25, 2018, the objectants moved, inter alia, pursuant to CPLR 3126 to sanction the petitioner for his discovery conduct. The objectants claimed that they discovered, after receiving certain documents pursuant to a subpoena, that the petitioner had doctored discovery to hide 85 cancelled checks from the trust's bank account, which were either written directly to the petitioner or to entities that suggested the petitioner was engaged in self-dealing. In an order dated December 20, 2018, the Surrogate's Court determined that the petitioner's [*2]conduct was willful and deemed the issues related to the checks resolved in favor of the objectants. The petitioner was surcharged in the amount of $236,355, representing the total amount of the checks that the petitioner had failed to disclose. The petitioner appeals.
If a party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed . . . the court may make such orders with regard to the failure or refusal as are just" (CPLR 3126). "The nature and degree of the sanction to be imposed is a matter within the broad discretion of the trial court (McNelis v Thomas, 171 AD3d 1038, 1039; see Lucas v Stam, 147 AD3d 921, 925). "'Absent an improvident exercise of discretion, the determination to impose sanctions for conduct that frustrates the purposes of the CPLR should not be disturbed'" (Pastore v Utilimaster Corp., 165 AD3d 685, 686, quoting Lotardo v Lotardo, 31 AD3d 504, 505).
"'To invoke the drastic remedy of preclusion, the [court] must determine that the offending party's lack of cooperation with disclosure was willful, deliberate, and contumacious'" (Assael v Metropolitan Tr. Auth., 4 AD3d 443, 443, quoting Pryzant v City of New York, 300 AD2d 383, 383). Here, contrary to the petitioner's contention, the willful and contumacious character of his conduct could properly be inferred from his failure to provide relevant discovery information pertaining to his own potential self-dealing, despite multiple opportunities to supplement his original discovery response, without any adequate explanation (see Pastore v Utilimaster Corp., 165 AD3d at 687).
The petitioner's remaining contentions are without merit.
Accordingly, the Surrogate's Court providently exercised its discretion in sanctioning the petitioner pursuant to CPLR 3126, and surcharging him in the amount of $236,355.
AUSTIN, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court