Ambroise v Palmana Realty Corp. (2021 NY Slip Op 05018)





Ambroise v Palmana Realty Corp.


2021 NY Slip Op 05018


Decided on September 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-08795 
2019-11147
 (Index No. 518775/18)

[*1]Paul Ambroise, appellant,
v
Palmana Realty Corp., respondent.


Anderson, Bowman & Zalewski, PLLC, Kew Gardens, NY (Matthew J. Routh of counsel), for appellant.
Friedland Law LLC (Norman A. Olch, New York, NY, of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated July 19, 2019, and (2) an order of the same court dated August 29, 2019. The order dated July 19, 2019, insofar as appealed from, sua sponte, directed the dismissal of the complaint pursuant to CPLR 3126. The order dated August 29, 2019, denied the plaintiff's motion, inter alia, to enjoin the Supreme Court from signing the order dated July 19, 2019.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order dated July 19, 2019, as, sua sponte, directed the dismissal of the complaint pursuant to CPLR 3126 is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order dated July 19, 2019, is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith; and it is further,
ORDERED that the appeal from the order dated August 29, 2019, is dismissed as academic in light of our determination on the appeal from the order dated July 19, 2019; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On April 19, 2018, the plaintiff entered into a contract to purchase an abandoned gas station from the defendant for the sum of $1,330,000. In a letter dated May 29, 2018, the defendant notified the plaintiff that the closing was scheduled for July 31, 2018. In an email dated July 27, 2018, the plaintiff's attorney advised the defendant's attorney that the plaintiff did not consider the property ready for closing because it was not "vacant and broom clean." In a responsive email, the defendant's attorney insisted the property was ready for closing, and that the closing would proceed on July 31, 2018. In a letter dated July 30, 2018, the plaintiff's attorney advised the defendant's attorney that the plaintiff was not willing to close until certain issues were resolved, including the [*2]removal of equipment from the property. The plaintiff did not appear for the closing on July 31, 2018.
The plaintiff commenced this action, inter alia, for specific performance of the contract of sale. In April 2019, the defendant served a demand for a verified bill of particulars and notice for discovery and inspection. On or about June 11, 2019, the defendant moved, among other things, to compel the plaintiff to respond to its demand for a verified bill of particulars and notice for discovery and inspection. The plaintiff did not file opposition papers to the motion. On July 3, 2019, the parties appeared for oral argument of the motion, and the plaintiff's attorney requested an adjournment. During that proceeding, the Supreme Court denied the plaintiff's application for an adjournment and directed the defendant's attorney to settle an order, inter alia, striking the complaint as a penalty for the plaintiff's failure to adequately comply with the defendant's discovery demands. During a subsequent proceeding on July 19, 2019, the plaintiff's attorney indicated that in response to certain discovery demands, "my client has searched his records and produced all the responsive documents in his custody and control," including term sheets, proof of funds, and letters from lenders stating that the plaintiff had the funds available to close on the property. Nevertheless, the court deemed the plaintiff's submissions "inadequate," and ruled that it would sign the contemplated order.
In an order dated July 19, 2019, the Supreme Court, among other things, sua sponte, directed dismissal of the complaint pursuant to CPLR 3126. The plaintiff moved, inter alia, to enjoin the Supreme Court from signing the order dated July 19, 2019. In an order dated August 29, 2019, the court denied the plaintiff's motion. The plaintiff appeals.
Pursuant to CPLR 3126, a court may impose discovery sanctions, including the striking of a pleading, where a party "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126[3]). "The nature and degree of a penalty to be imposed under CPLR 3126 for discovery violations is addressed to the court's discretion" (Crupi v Rashid, 157 AD3d 858, 859). "Although public policy strongly favors that actions be resolved on the merits when possible, a court may resort to the drastic remedies of striking a pleading or precluding evidence upon a clear showing that a party's failure to comply with a disclosure order was the result of willful and contumacious conduct" (Nationstar Mtge., LLC v Jackson, 192 AD3d 813, 815). "A court can infer that a party is acting willfully and contumaciously through the party's repeated failure to adequately respond to discovery demands or to comply with discovery orders" (Cobo v Pennwalt Corp. Stokes Div., 185 AD3d 650, 652).
Here, the Supreme Court improvidently exercised its discretion in, sua sponte, directing dismissal of the complaint pursuant to CPLR 3126, since there was no showing that the plaintiff willfully and contumaciously failed to adequately respond to discovery demands or to comply with court orders for disclosure (see Ramirez v Reyes, 171 AD3d 1114, 1115-1116). On July 3, 2019, less than a month after the defendant moved, inter alia, to compel responses to certain discovery demands, the court directed the defendant to settle an order, among other things, striking the complaint. However, no prior order had been issued directing the plaintiff to comply with discovery demands. Moreover, shortly after the court directed the defendant to settle the order, the plaintiff produced documents on July 19, 2019, as requested, with regard to his financial ability to close, including "all the responsive documents in [the plaintiff's] custody and control" which he could locate. Under these circumstances, the record is insufficient to establish that the plaintiff engaged in willful and contumacious conduct warranting the drastic remedy of dismissal of the complaint.
In light of our determination, we need not reach the plaintiff's remaining contentions.
Accordingly, the Supreme Court erred by, sua sponte, directing dismissal of the complaint pursuant to CPLR 3126, and we remit the matter to the Supreme Court, Kings County, to set an appropriate schedule for the completion of discovery.
HINDS-RADIX, J.P., DUFFY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court