Sanabria v NYSARC, Inc. (2022 NY Slip Op 02299)

Sanabria v NYSARC, Inc.

2022 NY Slip Op 02299

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
WILLIAM G. FORD, JJ.

2019-12469 
2020-02804
 (Index No. 621663/17)

[*1]Nicole Sanabria, etc., respondent,
v
NYSARC, Inc., et al., appellants.

Hardin, Kundla, McKeon & Poletto, P.A., New York, NY (David C. Blaxill of counsel), for appellants.
Winkler Kurtz, LLP, Port Jefferson Station, NY (Jason W. Hake of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from (1) an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated September 16, 2019, and (2) an order of the same court dated January 29, 2020. The order dated September 16, 2019, granted the plaintiff's motion pursuant to CPLR 3126 to strike the defendants' answer and for judgment in the plaintiff's favor and against the defendants on the issue of liability due to the defendants' failure to provide certain discovery as directed by a conditional order dated February 13, 2019. The order dated January 29, 2020, insofar as appealed from, denied the defendants' motion for leave to reargue their opposition to the plaintiff's motion pursuant to CPLR 3126, and denied that branch of the defendants' separate motion which was to strike the plaintiff's note of issue and certificate of readiness.
ORDERED that the appeal from so much of the order dated January 29, 2020, as denied the defendants' motion for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated September 16, 2019, is affirmed; and it is further,
ORDERED that the order dated January 29, 2020, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In November 2017, the plaintiff, Nicole Sanabria, as temporary guardian of the person and property of Gretchen Stanko, commenced this action to recover damages for personal injuries Stanko allegedly sustained from a fall down stairs on August 22, 2016, while a resident at a group home/community residence for persons with intellectual and developmental disabilities operated by the defendants. In July 2019, the plaintiff moved pursuant to CPLR 3126 to strike the defendants' answer and for judgment in her favor and against the defendants on the issue of liability due to the defendants' failure to provide certain discovery as directed by a conditional order dated February 13, [*2]2019. In an order dated September 16, 2019, the Supreme Court granted the plaintiff's motion. The defendants moved for leave to reargue their opposition to the plaintiff's motion pursuant to CPLR 3126, and separately moved, inter alia, to strike the note of issue and certificate of readiness that had been filed by the plaintiff pursuant to a directive by the court in the September 16, 2019 order. In an order dated January 29, 2020, the court, among other things, denied the defendants' motion for leave to reargue and that branch of their separate motion which was to strike the note of issue and certificate of readiness. The defendants appeal from the September 16, 2019 and January 29, 2020 orders.
Pursuant to CPLR 3126, a court may impose discovery sanctions, including the striking of a pleading, where a party "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed" (see id. § 3126[3]). The nature and degree of a penalty to be imposed under CPLR 3126 for discovery violations is addressed to the court's discretion (see Ambriose v Palmana Realty Corp., 197 AD3d 1226; Wolf v Flowers, 122 AD3d 728, 728-729; Fishbane v Chelsea Hall, LLC, 65 AD3d 1079, 1081). "Although public policy strongly favors that actions be resolved on the merits when possible, a court may resort to the drastic remedies of striking a pleading or precluding evidence upon a clear showing that a party's failure to comply with a disclosure order was the result of willful and contumacious conduct" (Nationstar Mtge., LLC v Jackson, 192 AD3d 813, 815; see Matter of Apostolidis, 193 AD3d 1039, 1040; Marino v Armogan, 179 AD3d 664, 666). "The willful and contumacious character of a party's conduct can be inferred from either the repeated failure to respond to demands or comply with discovery orders, without demonstrating a reasonable excuse for these failures, or the failure to comply with court-ordered discovery over an extended period of time" (Wolf v Flowers, 122 AD3d at 729; see Ambriose v Palmana Realty Corp., 197 AD3d at 1226; Apladenaki v Greenpoint Mtge. Funding, Inc., 117 AD3d 976, 977).
Here, in light of the defendants' repeated failure to fully comply with the plaintiff's proper discovery demands and the Supreme Court's conditional order dated February 13, 2019, there was a clear showing that the defendants engaged in willful and contumacious conduct. Accordingly, the court providently exercised its discretion in granting the plaintiff's motion pursuant to CPLR 3126 to strike the defendants' answer and for judgment in the plaintiff's favor and against the defendants on the issue of liability (see Henry v Atlantis Rehabilitation & Residential Healthcare Facility, LLC, 194 AD3d 1021; Ritornato v Ritornato, 186 AD3d 1422, 1424; Ahmed v Ahmed, 175 AD3d 1363, 1364-1365; Pirro Group, LLC v One Point St., Inc., 71 AD3d 654).
The defendants' contention that their motion, denominated as one for leave to reargue, should have been treated as a motion for leave to renew, is without merit (see Pino v Korn, 248 AD2d 520, 520). As the denial of a motion for leave to reargue is not appealable, the appeal from so much of the order dated January 29, 2020, as denied leave to reargue must be dismissed (see Liang v Yi Jing Tan, 155 AD3d 1022; Pacella v THC Realty Dev., 295 AD2d 329).
The defendants' remaining contention is without merit.
BARROS, J.P., RIVERA, WOOTEN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court