255 Butler Assoc., LLC v 255 Butler, LLC (2022 NY Slip Op 05069)

255 Butler Assoc., LLC v 255 Butler, LLC

2022 NY Slip Op 05069

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2019-12448
 (Index No. 511560/15)

[*1]255 Butler Associates, LLC, appellant,
v
255 Butler, LLC, et al., respondents.

Sills Cummis & Gross P.C. (Mitchell D. Haddad, Matthew P. Canini, and Susman Godfrey LLP, New York, NY [Jacob W. Buchdahl], of counsel), for appellant.
Heller, Horowitz & Feit, P.C., New York, NY (Stuart A. Blander and Eli Feit of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the plaintiff appeals from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated August 14, 2019. The order, insofar as appealed from, in effect, denied those branches of the plaintiff's motion which were pursuant to CPLR 3126 to strike the defendants' answer, for judgment in its favor on the first, second, third, and fourth causes of action, and for an award of monetary sanctions.
ORDERED that the appeal from so much of the order as, in effect, denied those branches of the plaintiff's motion which were pursuant to CPLR 3126 to strike the defendants' answer and for judgment in its favor on the first cause of action is dismissed in light of our determinations on related appeals from orders dated February 14, 2019 (see 255 Butler Associates, LLC v 255 Butler, LLC, ___ AD3d ___ [Appellate Division Docket No. 2019-03306; decided herewith]), and October 9, 2019 (see 255 Butler Associates, LLC v 255 Butler, LLC, ___ AD3d ___ [Appellate Division Docket No. 2019-12260; decided herewith]); and it is further,
ORDERED that the order is affirmed insofar as reviewed, without costs or disbursements.
The underlying facts of this appeal are summarized in the related appeals decided herewith (255 Butler Associates, LLC v 255 Butler, LLC, ___ AD3d ___ [Appellate Division Docket No. 2018-12445]; 255 Butler Associates, LLC v 255 Butler, LLC, ___ AD3d ___ [Appellate Division Docket No. 2019-03306]; and 255 Butler Associates, LLC v 255 Butler, LLC, ___ AD3d ___ [Appellate Division Docket No. 2019-12260]). As relevant here, in March 2013, the defendant landlord, 255 Butler, LLC (hereinafter the landlord), entered into a commercial lease with the plaintiff tenant, 255 Butler Associates, LLC (hereinafter the tenant), relating to certain real property located at 255 Butler Street in Brooklyn (hereinafter the lease) (see 255 Butler Assoc., LLC v 255 Butler, LLC, 173 AD3d 649, 650). On July 27, 2015, the landlord served the tenant with a "Notice to Cure Lease Default," alleging several defaults, including that the plaintiff failed to "diligently pursue" the planned conversion of the building located on the property into a multi-unit commercial [*2]complex (id. at 650). This litigation ensued.
Over the course of discovery, the defendants engaged in conduct which this Court determined to be willful and contumacious on appeal from an order dated February 14, 2019, inter alia, denying that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the defendants' answer and counterclaims (see 255 Butler Associates, LLC v 255 Butler, LLC, ___ AD3d ___ [Appellate Division Docket No. 2019-03306; decided herewith]). By notice dated April 16, 2018, the tenant made a new motion pursuant to CPLR 3126 alleging that the defendants had continued in this course of conduct and demanding a range of sanctions be imposed as a result. In an order dated August 14, 2019, the Supreme Court, in effect, denied those branches of the plaintiff's motion which were to strike the defendants' answer, for judgment in its favor on the first, second, third, and fourth causes of action, and for an award of monetary sanctions. The tenant appeals.
Pursuant to CPLR 3126, a court may impose discovery sanctions, including the striking of a pleading, where a party "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed" (see Amos v Southampton Hosp., 198 AD3d 947, 948; Ambroise v Palmana Realty Corp., 197 AD3d 1226, 1227). "Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court" (Kopelevich & Feldsherova, P.C. v Geller Law Group, P.C., 191 AD3d 853, 854 [internal quotation marks omitted]; see Matter of Carol Mallon Revocable Trust, 193 AD3d 1049, 1050). Accordingly, "[a]bsent an improvident exercise of discretion, the determination to impose sanctions for conduct that frustrates the purpose of the CPLR should not be disturbed" (Kopelevich & Feldsherova, P.C. v Geller Law Group, P.C., 191 AD3d at 854 [internal quotation marks omitted]; see Matter of Carol Mallon Revocable Trust, 193 AD3d at 1050).
In light of our determination to strike the defendants' answer and counterclaims in the related appeal from the order dated February 14, 2019 (see 55 Butler Associates, LLC v 255 Butler, LLC, ___ AD3d ___ [Appellate Division Docket No. 2019-03306]), and our determination affirming the award of summary judgment to the tenant on the first cause of action, for declaratory relief, in the related appeal from the order dated October 9, 2019 (see 255 Butler Associates, LLC v 255 Butler, LLC, ___ AD3d ___ [Appellate Division Docket No. 2019-12260; decided herewith]), we decline to disturb the Supreme Court's denial of those branches of the tenant's motion which were pursuant to CPLR 3126 for judgment in its favor on the second, third, and fourth causes of action and for an award of monetary sanctions.
DILLON, J.P., ROMAN, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court