255 Butler Assoc., LLC v 255 Butler, LLC (2022 NY Slip Op 05067)

255 Butler Assoc., LLC v 255 Butler, LLC

2022 NY Slip Op 05067

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2019-03306
 (Index No. 511560/15)

[*1]255 Butler Associates, LLC, appellant,
v
255 Butler, LLC, et al., respondents.

Sills Cummis & Gross P.C., New York, NY (Mitchell D. Haddad, Matthew P. Canini, and Susman Godfrey LLP [Jacob W. Buchdahl], of counsel), for appellant.
Heller, Horowitz & Feit, P.C., New York, NY (Stuart A. Blander and Eli Feit of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the plaintiff appeals from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated February 14, 2019. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the defendants' answer and counterclaims only to the extent of directing the defendants to comply with outstanding discovery orders and determining that the defendants had waived the right to use an "attorneys' eyes only" designation due to their abuses of that designation.
ORDERED that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the defendants' answer and counterclaims is granted in its entirety.
The underlying facts of this appeal are summarized in the related appeals decided herewith (255 Butler Associates, LLC v 255 Butler, LLC, ___ AD3d ___ [Appellate Division Docket No. 2018-12445]; 255 Butler Associates, LLC v 255 Butler, LLC, ___ AD3d ___ [Appellate Division Docket No. 2019-12260]). As relevant here, in March 2013, the defendant landlord, 255 Butler, LLC (hereinafter the landlord), entered into a commercial lease with the plaintiff tenant, 255 Butler Associates, LLC (hereinafter the tenant), relating to certain real property located at 255 Butler Street in Brooklyn (hereinafter the lease) (see 255 Butler Assoc., LLC v 255 Butler, LLC, 173 AD3d 649, 650). On July 27, 2015, the landlord served the tenant with a "Notice to Cure Lease Default," alleging several defaults, including that the plaintiff failed to "diligently pursue" the planned conversion of the building located on the property into a multi-unit commercial complex (see id. at 650). This litigation ensued.
The defendants moved, inter alia, to vacate portions of an order of the Supreme Court dated June 26, 2018, directing them to produce certain documents and electronically stored information in discovery. In response, the tenant moved, inter alia, pursuant to CPLR 3126 to strike the defendants' answer and counterclaims, arguing that the defendants' document production was woefully deficient. The tenant pointed to, inter alia, the fact that the production omitted, among other things, communications between the defendants and tenant which had been included in the [*2]tenant's production, draft versions of the lease, and documents the defendants had submitted to the court or had marked as deposition exhibits. At oral argument on the tenant's motion to strike, the defendants asserted that they participated in discovery in good faith but were unable to explain why, for example, draft leases were not found among their documents, instead attributing the omissions to "the vagaries of e-mail systems."
In an order dated February 14, 2019, the Supreme Court remarked that the defendants had "failed to explain . . . at the compliance conference, and still fail[ed] to explain[,] how their production failed to yield certain emails in [the tenant's] possession that should have been produced had Defendants conducted a thorough ESI search and review process." It observed that this omission could be explained by "one of only two possible scenarios: (1) that Defendants' ESI search and review process was poorly executed; or (2) that Defendants deliberately withheld or destroyed documents, thereby obstructing their attainment." In light of the defendants' inability to "adequately explain why the missing emails were not a part of their initial ESI production," the court characterized their motion to vacate the June 26, 2018, order as "absurd." Similarly, the court characterized the defendants' refusal to produce certain unredacted bank records as "borderline frivolous."
Notwithstanding this characterization of the defendants' conduct, the Supreme Court, in the order dated February 14, 2019, granted the tenant's motion to strike only to the extent of directing the defendants to comply with outstanding discovery orders and determining that the defendants had waived the right to use an "attorneys' eyes only" designation due to their abuses of that designation. The court further stated that it would entertain an application for an award of costs and fees and, at the time of trial, would grant appropriate relief pursuant to CPLR 3126, such as an adverse inference, as to documents which remained unproduced. The court otherwise denied the tenant's motion. The tenant appeals. We reverse the order insofar as appealed from, and grant that branch of the tenant's motion which was to strike the defendants' answer and counterclaims in its entirety.
Pursuant to CPLR 3126, a court may impose discovery sanctions, including the striking of a pleading, where a party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (see Amos v Southampton Hosp., 198 AD3d 947, 948; Ambroise v Palmana Realty Corp., 197 AD3d 1226, 1227). "Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court" (Kopelevich & Feldsherova, P.C. v Geller Law Group, P.C., 191 AD3d 853, 854 [internal quotation marks omitted]; see Matter of Carol Mallon Revocable Trust, 193 AD3d 1049, 1050). Accordingly, "[a]bsent an improvident exercise of discretion, the determination to impose sanctions for conduct that frustrates the purpose of the CPLR should not be disturbed" (Kopelevich & Feldsherova, P.C. v Geller Law Group, P.C., 191 AD3d at 854 [internal quotation marks omitted]; see Matter of Carol Mallon Revocable Trust, 193 AD3d at 1050).
Before imposing the "drastic" remedy of striking a pleading, there must be a clear showing that a party's failure to comply with discovery is willful and contumacious (Kopelevich & Feldsherova, P.C. v Geller Law Group, P.C., 191 AD3d at 854 [internal quotation marks omitted]; see Amos v Southampton Hosp., 198 AD3d at 948). "Willful and contumacious conduct may be inferred from a party's repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures to comply, or a failure to comply with court-ordered discovery over an extended period of time" (Amos v Southampton Hosp., 198 AD3d at 948 [internal quotation marks omitted]; see Ambroise v Palmana Realty Corp., 197 AD3d at 1227-1228).
Here, contrary to the Supreme Court's assessment, the defendants' behavior was willful and contumacious. The tenant demonstrated that the defendants "repeated[ly] fail[ed] to comply with court-ordered discovery" over "an extended period of time[,]" and the court itself found that the defendants offered "inadequate explanations for their failures to comply" (Amos v Southampton Hosp., 198 AD3d at 948 [internal quotation marks omitted]; see Ambroise v Palmana Realty Corp., 197 AD3d at 1227-1228). Under the circumstances presented here, we find that the [*3]court should have granted that branch of the tenant's motion which was pursuant to CPLR 3126 to strike the defendants' answer and counterclaims in its entirety (see Henry v Atlantis Rehabilitation & Residential Healthcare Facility, LLC, 194 AD3d 1021, 1023; Sparakis v Gozzer Corp., 177 AD3d 1011, 1012-1013).
DILLON, J.P., ROMAN, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court