L.K. v City of New York (2022 NY Slip Op 06236)

L.K. v City of New York

2022 NY Slip Op 06236

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2021-04480
 (Index No. 503587/18)

[*1]L.K., etc., et al., appellants, 
v
City of New York, et al., respondents.

Merson Law, PLLC, New York, NY (Sarah Cantos of counsel), for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Elina Druker, Claibourne Henry, and Julie Steiner of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated December 14, 2020. The order, insofar as appealed from, denied those branches of the plaintiffs' motion which were pursuant to CPLR 3126 to strike the defendants' answer or, in the alternative, for a conditional order striking the defendants' answer.
ORDERED that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, that branch of the plaintiffs' motion which was pursuant to CPLR 3126 to strike the defendants' answer is granted, the answer is stricken, and the matter is remitted to the Supreme Court, Kings County, for an inquest on the issue of damages.
On the evening of May 30, 2016, the adult plaintiffs and their daughter, the infant plaintiff, were at their home in Pennsylvania when three armed men entered the house. The plaintiffs all allegedly sustained personal injuries that evening. The plaintiffs commenced this action against the defendants, alleging that one of the individuals who caused the plaintiffs' injuries had been negligently and erroneously released from the defendants' custody. The plaintiffs moved, inter alia, pursuant to CPLR 3126 to strike the defendants' answer for failing to provide discovery or, in the alternative, for a conditional order striking the defendants' answer. The Supreme Court, inter alia, denied those branches of the plaintiffs' motion. The plaintiffs appeal.
Pursuant to CPLR 3126(3), a court may impose discovery sanctions, including the striking of a pleading, where a party "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed." "The nature and degree of a penalty to be imposed under CPLR 3126 for discovery violations is addressed to the court's discretion" (Crupi v Rashid, 157 AD3d 858, 859; see Ambroise v Palmana Realty Corp., 197 AD3d 1226; Wolf v Flowers, 122 AD3d 728, 728-729). "Although public policy strongly favors that actions be resolved on the merits when possible, a court may resort to the drastic remedies of striking a pleading or precluding evidence upon a clear showing that a party's failure to comply with a disclosure order was the result of willful and contumacious conduct" (Nationstar Mtge., LLC v Jackson, 192 AD3d 813, 815; see Matter of Apostolidis, 193 AD3d 1039, 1040; Carmona v HUB Props. Trust, 186 AD3d 1485, 1487). "The willful and contumacious character of a party's conduct [*2]can be inferred from either the repeated failure to respond to demands or comply with discovery orders, without demonstrating a reasonable excuse for these failures, or the failure to comply with court-ordered discovery over an extended period of time" (Wolf v Flowers, 122 AD3d at 729; see Ambroise v Palmana Realty Corp., 197 AD3d at 1226; Apladenaki v Greenpoint Mtge. Funding, Inc., 117 AD3d 976, 977; Arpino v F.J.F. & Sons Elec. Co., Inc., 102 AD3d 201, 210).
Here, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiffs' motion which was pursuant to CPLR 3126 to strike the defendants' answer. The defendants' willful and contumacious conduct can be inferred from their repeated failures, over an extended period of time, to comply with the plaintiffs' discovery demands and the court's discovery orders without an adequate excuse (see Ewa v City of New York, 186 AD3d 1195, 1196; Schiller v Sunharbor Acquisition I, LLC, 152 AD3d 812, 813-814; Lucas v Stam, 147 AD3d 921, 925-926; Byam v City of New York, 68 AD3d 798, 801; Maiorino v City of New York, 39 AD3d 601, 602). In opposition, the defendants failed to provide a reasonable excuse for their failures to comply (see Montgomery v City of New York, 296 AD2d 386; Espinal v City of New York, 264 AD2d 806).
In light of our determination, the issue of whether the Supreme Court properly denied that branch of the plaintiffs' motion which was for a conditional order striking the defendants' answer is academic.
DUFFY, J.P., MALTESE, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court