Brilliantine v East Hampton Fuel Oil Corp. (2023 NY Slip Op 06112)

Brilliantine v East Hampton Fuel Oil Corp.

2023 NY Slip Op 06112

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
WILLIAM G. FORD, JJ.

2021-06016
 (Index No. 619324/17)

[*1]Lance Brilliantine, et al., respondents,
v
East Hampton Fuel Oil Corp., appellant.

McCabe, Collins, McGeough, Foster, Levine & Nogan, LLP, Jericho, NY (Patrick M. Murphy of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for a violation of Navigation Law § 181, the defendant appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated July 23, 2021. The order denied the defendant's motion, denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to reargue its prior motion for summary judgment dismissing the plaintiff's claims for damages relating to the diminution in value of certain real property and of certain artwork, which was denied in an order of the same court dated March 11, 2021.
ORDERED that the appeal is dismissed, without costs or disbursements.
The underlying facts are summarized in the companion appeals decided herewith (see Brilliantine v East Hampton Fuel Oil Corp., ____ AD3d ____ [Appellate Division Docket No. 2020-00869]; and Brilliantine v East Hampton Fuel Oil Corp., ____ AD3d ____ [Appellate Division Docket No. 2021-02537]). Following the denial of the defendant's motion for summary judgment dismissing the plaintiff's claims for damages relating to the diminution in value of certain real property and of certain artwork, the defendant moved for leave to renew and reargue that motion. The Supreme Court, in effect, treated the motion as one for leave to reargue, and denied leave to reargue in an order dated July 23, 2021. The defendant appeals.
The Supreme Court properly treated the defendant's motion, denominated as one for leave to renew and reargue, as one for leave to reargue (see Sanabria v NYSARC, Inc., 204 AD3d 716, 718). As the denial of a motion for leave to reargue is not appealable, the appeal from the order dated July 23, 2021, must be dismissed (see Doctors for Surgery v Aristide, 192 AD3d 991, 992; U.S. Bank N.A. v McCaffery, 186 AD3d 897, 899).
CONNOLLY, J.P., IANNACCI, WOOTEN and FORD, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court