Matter of Dahan (2024 NY Slip Op 05097)

Matter of Dahan

2024 NY Slip Op 05097

Decided on October 16, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2021-08830
2022-02133
2022-04989

[*1]In the Matter of Shimon Dahan, deceased. Candice B. Dahan, etc., et al., petitioners-respondents; Roberta Nelson, respondent-appellant; Victoria M. Brown, nonparty-appellant. (File No. 908/20)

Victoria M. Brown, New York, NY, nonparty-appellant pro se and for respondent-appellant.
Cori A. Robinson PLLC, New York, NY, for petitioners-respondents.

DECISION & ORDER
In a proceeding for the administration of the estate of Shimon Dahan, in which Candice B. Dahan and Ariel Dahan, as administrators of the decedent's estate, petitioned pursuant to SCPA 2103 to discover property and information withheld on behalf of the decedent's estate, (1) Roberta Nelson appeals from an order of the Surrogate's Court, Rockland County (Keith J. Cornell, S.), dated October 27, 2021, (2) Roberta Nelson and Victoria M. Brown appeal from an order of the same court dated March 15, 2022, and (3) Roberta Nelson appeals from an order of the same court dated June 13, 2022. The order dated March 15, 2022, insofar as appealed from, granted those branches of the cross-motion of Candice B. Dahan and Ariel Dahan which were, in effect, pursuant to CPLR 3126 to impose sanctions against Roberta Nelson for failure to comply with discovery demands to the extent of directing counsel for Candice B. Dahan and Ariel Dahan to submit an affidavit of services for the preparation of the cross-motion in order to determine the amount of the sanction and pursuant to 22 NYCRR 130-1.1 to impose sanctions to the extent of directing Victoria M. Brown to pay a sanction in the sum of $1,000 to the Lawyers' Fund for Client Protection. The order dated June 13, 2022, directed Roberta Nelson to pay the sum of $1,890 to Candice B. Dahan and Ariel Dahan as a sanction pursuant to CPLR 3126.
ORDERED that the appeal from the order dated October 27, 2021, is dismissed as abandoned, without costs or disbursements; and it is further,
ORDERED that the order dated March 15, 2022, is modified, on the law and in the exercise of discretion, by deleting the provision thereof granting that branch of the cross-motion of Candice B. Dahan and Ariel Dahan which was pursuant to 22 NYCRR 130-1.1 to impose sanctions to the extent of directing Victoria M. Brown to pay a sanction in the sum of $1,000 to the Lawyers' Fund for Client Protection, and substituting therefor a provision denying that branch of the cross-motion; as so modified, the order dated March 15, 2022, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the order dated June 13, 2022, is affirmed, without costs or disbursements.
Candice B. Dahan and Ariel Dahan (hereinafter together the administrators) are the children of Shimon Dahan (hereinafter the decedent). Following the decedent's death, the administrators obtained letters of administration to administer the decedent's estate. Thereafter, the administrators filed a petition pursuant to SCPA 2103 to discover property and information withheld on behalf of the estate against the decedent's partner, Roberta Nelson.
Subsequently, during motion practice, the administrators cross-moved, inter alia, in effect, pursuant to CPLR 3126 to impose sanctions against Nelson for failure to comply with discovery demands and pursuant to 22 NYCRR 130-1.1 to impose sanctions for engaging in frivolous conduct. In an order dated March 15, 2022, the Surrogate's Court, among other things, granted that branch of the cross-motion which was, in effect, pursuant to CPLR 3126 to impose sanctions against Nelson for failure to comply with discovery demands to the extent of directing the administrators' counsel to provide an affidavit of services for the preparation of the cross-motion to determine the amount of the sanction to be imposed. The court also granted that branch of the cross-motion which was pursuant to 22 NYCRR 130-1.1 to impose sanctions to the extent of directing Victoria M. Brown, Nelson's counsel, to pay a sanction in the sum of $1,000 to the Lawyers' Fund for Client Protection. In an order dated June 13, 2022, the court directed Nelson to pay the sum of $1,890 to the administrators as a sanction pursuant to CPLR 3126. Nelson and Brown appeal from the order dated March 15, 2022, and Nelson appeals from the order dated June 13, 2022.
Nelson's appeal from an order dated October 27, 2021, must be dismissed as abandoned, as she does not request modification or reversal of any portion of that order (see Ashfaq v Ice Cream Depot Corp., 209 AD3d 704, 706; Sammy v First Am. Tit. Ins. Co., 205 AD3d 949, 953).
"Pursuant to CPLR 3126, a court may impose discovery sanctions, including the striking of a pleading or preclusion of evidence, where a party 'refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed'" (Aha Sales, Inc. v Creative Bath Prods., Inc., 110 AD3d 1019, 1019; see Morales v Valeo, 218 AD3d 676, 678). "The nature and degree of the penalty to be imposed pursuant to CPLR 3126 lies within the sound discretion of the trial court" (Montemurro v Memorial Sloan-Kettering Cancer Ctr., 94 AD3d 1066, 1066; see Matter of Apostolidis, 193 AD3d 1039, 1040). "Although not expressly set forth as a sanction under CPLR 3126, we have held that the imposition of a monetary sanction under CPLR 3126 may be appropriate to compensate counsel or a party for the time expended and costs incurred in connection with an offending party's failure to fully and timely comply with court-ordered disclosure" (Lucas v Stam, 147 AD3d 921, 926; see Matter of Carol Mallon Revocable Trust, 193 AD3d 1049, 1051).
Here, the Surrogate's Court providently exercised its discretion in imposing a sanction against Nelson pursuant to CPLR 3126 by directing her to pay the administrators the sum of $1,890 for attorneys' fees incurred in connection with the preparation of the cross-motion (see Matter of Carol Mallon Revocable Trust, 193 AD3d at 1050-1051; Matter of Apostolidis, 193 AD3d at 1040; Lucas v Stam, 147 AD3d at 926). The record demonstrates that Nelson repeatedly failed to comply with discovery demands, despite a court order directing her to do so, resulting in additional motion practice and prolonging the settlement of the estate.
However, the Surrogate's Court improvidently exercised its discretion in directing Brown to pay a sanction pursuant to 22 NYCRR 130-1.1 in the sum of $1,000 to the Lawyers' Fund for Client Protection. Pursuant to 22 NYCRR 130-1.1(d), "[a]n award of costs or the imposition of sanctions may be made either upon motion in compliance with CPLR 2214 or 2215 or upon the court's own initiative, after a reasonable opportunity to be heard." Here, the administrators' cross-motion did not request sanctions against Brown. Therefore, it cannot be said that Brown had notice of the request and a reasonable opportunity to be heard (see generally Matter of Garvey v Sullivan, 166 AD3d 771, 773).
BRATHWAITE NELSON, J.P., CHRISTOPHER, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court