■ ROBERT VAGO et al., Appellants, v SUREN KAYLYAKOV, Respondent. [829 NYS2d 557]—

In an action to recover damages for the breach of a contract for the purchase of real property, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered August 12, 2005, which, upon the granting of the defendant's application to preclude the introduction of certain evidence at trial and upon a decision of the same court dated December 6, 2004, made after a nonjury trial, is in favor of the defendant and against them, dismissing the complaint.

Ordered that the judgment is reversed, on the law and in the exercise of discretion, the complaint is reinstated, the application is denied, and the matter is remitted to the Supreme Court, Nassau County, for a new trial, with costs to abide the event.

In September 2001 the defendant contracted to purchase certain real property from the plaintiffs for the sum of $392,000. The plaintiffs owned the property as tenants in common. The plaintiff Robert Vago signed the contract. The sellers' attorney, Jerrold Rosenthal, signed the contract as attorney-in-fact for the remaining two plaintiffs, Martha Bernad and Steve Vago. The defendant did not question Rosenthal's authority to do so,

and tendered the $39,200 down payment. Very shortly thereafter, unsure of his employment situation following the tragedy of September 11, 2001, the defendant stopped payment on his down payment check.

The plaintiffs brought this action in March 2002. They alleged that the defendant breached the parties' contract, and sought to recover the amount of the down payment as liquidated damages. The defendant answered the complaint in June 2002. He raised eight affirmative defenses; none specifically addressed Rosenthal's status as attorney-in-fact, or the power of attorney (or lack of it) pursuant to which Rosenthal purportedly signed the contract.

The defendant was deposed on October 10, 2003. Rosenthal conducted the deposition on behalf of the plaintiffs, and marked various exhibits at the time, including the contract, the down payment check, and correspondence related to the subject transaction. It does not appear that the power of attorney was produced then, nor did the defendant request it during the deposition.

On the same date, October 10, 2003, the defendant's attorney sent a letter to Rosenthal. The letter requested the production of documents pursuant to CPLR article 31. There were three numbered requests. As relevant here, the third request read: "Any and all documents/instruments/writings related to the subject transaction." The letter cautioned that a failure or refusal to furnish the requested documents would "entitle [the] defendant to all remedies available" under CPLR article 31. Again on that same date, Rosenthal made a handwritten endorsement on the bottom of the foregoing letter. He wrote that he had searched the file, and to the best of his knowledge, the only documents referred to were those that had been marked as exhibits at the defendant's deposition.

The matter proceeded to a nonjury trial on November 19, 2004. At the start of the trial, the defendant's counsel made an oral application in limine to preclude the plaintiffs from introducing the power of attorney, which the defense claimed it learned about only minutes before. The defense argued that the power of attorney was within the scope of material requested in the October 10, 2003 demand for documents. The court observed that the demand was made in the form of a letter, not a formal notice pursuant to CPLR article 31, and that the subject request was overly broad. Nonetheless, since the plaintiffs had not moved to strike the demand, the court accepted it, and granted the application to preclude the introduction of the power of attorney. The trial proceeded. At the conclusion of the trial the

Supreme Court issued a decision which, inter alia, referred to the October 10, 2003 letter, the breadth of the third request therein, the plaintiffs' failure to move to strike the demand, Rosenthal's representation in his handwritten endorsement, and the failure of the plaintiffs to produce the power of attorney in response. The court stated that production of the document at trial would have been prejudicial to the defendant, and that the CPLR required full disclosure and not "trial by ambush." Finally, the court stated that without the precluded evidence, the plaintiffs could not establish that a valid contract of sale was ever executed. The plaintiffs appeal from the judgment dismissing the complaint. We reverse.

Although the Supreme Court correctly concluded that the October 10, 2003 letter was a valid disclosure notice pursuant to CPLR 3120, because the plaintiffs never objected to that procedure, we nevertheless conclude that the defendant's application to preclude should have been denied. The record does not support the conclusion that the plaintiffs wilfully and deliberately failed to produce the power of attorney, which is a prerequisite to the remedy of preclusion (*see Assael v Metropolitan Tr. Auth.*, 4 AD3d 443 [2004]).

In addition, it bears noting that from the moment the defendant received the contract signed by the sellers, which was about three years prior to the trial in this matter, by virtue of Rosenthal's signature on the contract for Martha Bernad and Steve Vago they were on notice either that: (1) a valid power(s) of attorney existed, or (2) no such power(s) existed, in which case the contract was not valid. While it is true that the defendant stopped his down payment check very quickly after he executed the contract, the asserted reason for doing so was his uncertainty about his own financial situation, as opposed to any doubts about the validity of the contract. Furthermore, in his answer to the complaint, he made no reference to the power of attorney issue. With the foregoing in mind, we disagree with the Supreme Court's finding that the plaintiffs "ambush[ed]" the defense. If anything, the defendant's preclusion application at trial ambushed the plaintiffs. Accordingly, we reverse and remit the matter to the Supreme Court, Nassau County, for a new trial.

In light of the foregoing, the plaintiffs' remaining contentions need not be addressed. Miller, J.P., Rivera, Krausman and Goldstein, JJ., concur.