Vays v Luntz (2020 NY Slip Op 00174)





Vays v Luntz


2020 NY Slip Op 00174


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-08403
 (Index No. 504069/16)

[*1]Semyon Vays, et al., appellants-respondents,
v
James D. Luntz, etc., respondent-appellant.


Law Office of Allison M. Furman, P.C. (Morrison Cohen LLP, New York, NY [Y. David Scharf and Gayle Pollack], of counsel), for appellants-respondents.
Newman Ferrara LLP, New York, NY (Ricardo M. Vera and Lucas A. Ferrara of counsel), for respondent-appellant.



DECISION & ORDER
In an action pursuant to RPAPL article 15 to compel the determination of claims to real property, the plaintiffs appeal, and the defendant cross-appeals, from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated June 16, 2017. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3126 to strike the amended complaint to the extent of precluding the plaintiffs from offering certain evidence at trial or in support of a dispositive motion. The order, insofar as cross-appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3126 to strike the amended complaint only to the extent of precluding the plaintiffs from offering certain evidence at trial or in support of a dispositive motion, and denied those branches of the defendant's motion which were to cancel the notice of pendency and direct the plaintiff to pay costs and expenses pursuant to CPLR 6514(c).
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs and disbursements.
In March 2016, the plaintiffs commenced this action pursuant to RPAPL article 15 to compel the determination of claims to real property. The plaintiffs alleged that they possessed title to a disputed strip of land through adverse possession. At or around the time that issue was joined in May 2016, the defendant served the plaintiffs with various discovery notices, including a notice of discovery and inspection. The plaintiffs did not respond to the defendant's demands for discovery. On October 6, 2016, the defendant's counsel sent a letter to plaintiffs' counsel, advising that the plaintiffs had failed to timely produce documents or information responsive to the defendant's demands, and requesting production by October 14, 2016. The plaintiffs failed to respond.
On November 29, 2016, the Supreme Court issued a preliminary conference order, directing the defendant to serve a demand for a bill of particulars by December 22, 2016, and directing the plaintiffs to serve a bill of particulars by January 31, 2017. The court also directed the plaintiffs to respond to the defendant's previous demands on or before December 28, 2016. In accordance with the preliminary conference order, on or about December 22, 2016, the defendant served a demand for a bill of particulars. The plaintiffs failed to comply with the deadlines set forth [*2]in the preliminary conference order. On February 3, 2017, the defendant's counsel sent another letter to the plaintiffs' counsel, requesting compliance by February 8, 2017. The plaintiffs failed to comply. On or about February 23, 2017, the defendant's counsel spoke with the plaintiffs' counsel regarding the outstanding discovery and bill of particulars, and requested compliance. The plaintiffs' counsel promised to respond the following week.
When the plaintiffs failed to respond, the defendant moved on March 29, 2017, inter alia, pursuant to CPLR 3126 to strike the amended complaint based on the plaintiffs' failure to respond to the demands for discovery, which were the subject of the preliminary conference order directing the plaintiffs to provide the requested discovery and a bill of particulars by a date certain. In opposition to the motion, the plaintiffs submitted their response to the defendant's demand for a bill of particulars and their responses to the defendant's demands for discovery. These responses were dated April 12, 2017. In an order dated June 16, 2017, the Supreme Court granted that branch of the defendant's motion which was pursuant to CPLR 3126 to strike the amended complaint only to the extent of precluding the plaintiffs from offering, at trial or in support of a dispositive motion, any evidence which was not produced in their April 12, 2017, responses to the defendant's demand for a bill of particulars and notice of discovery and inspection. The plaintiffs appeal, and the defendant cross-appeals.
"Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court" (Morales v Zherka, 140 AD3d 836, 836-837; see CPLR 3126[3]; Kihl v Pfeffer, 94 NY2d 118, 122-123; Zakhidov v Boulevard Tenants Corp., 96 AD3d 737, 738). " Absent an improvident exercise of discretion, the determination to impose sanctions for conduct that frustrates the purpose of the CPLR should not be disturbed'" (Corex-SPA v Janel Group of N.Y., Inc., 156 AD3d 599, 601, quoting Lotardo v Lotardo, 31 AD3d 504, 505).
 "[B]efore a court invokes the drastic remedy of striking a pleading, or even of precluding evidence, there must be a clear showing that the failure to comply with court-ordered discovery was willful and contumacious'" (Household Fin. Realty Corp. of N.Y. v Cioppa, 153 AD3d 908, 910, quoting Zakhidov v Boulevard Tenants Corp., 96 AD3d at 739). "A court can infer that a party is acting willfully and contumaciously through the party's repeated failure to respond to demands or to comply with discovery orders" (Sepulveda v 101 Woodruff Ave. Owner, LLC, 166 AD3d 835, 836; see Silberstein v Maimonides Med. Ctr., 109 AD3d 812, 814; Commisso v Orshan, 85 AD3d 845, 845).
Here, the willful and contumacious character of the plaintiffs' conduct can be inferred from their repeated failure to respond to the defendant's demands for discovery, and the absence of any adequate explanation for their failure to timely comply with these demands or the deadlines set forth in the preliminary conference order (see Pastore v Utilimaster Corp., 165 AD3d 685, 687; Westervelt v Westervelt, 163 AD3d 1036, 1037-1038; Corex-SPA v Janel Group of N.Y., Inc., 156 AD3d at 601). Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the defendant's motion which was pursuant to CPLR 3126 to strike the amended complaint to the extent of precluding the plaintiffs from offering certain evidence.
The defendant's remaining contentions either are without merit or have been rendered academic.
DILLON, J.P., LEVENTHAL, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court