Ewa v City of New York (2020 NY Slip Op 04825)





Ewa v City of New York


2020 NY Slip Op 04825


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2018-14138
 (Index No. 100005/17)

[*1]Kathy Ewa, appellant, 
v
City of New York, et al., respondents, et al., defendants.


Kathy Ewa, Staten Island, NY, appellant pro se.
James E. Johnson, Corporation Counsel, New York, NY (Deborah A. Brenner and Janet L. Zaleon of counsel), for respondents City of New York, New York City Police Department (NYPD), Det. James McKenna, and Detective Louis Daria.
Kelley Drye & Warren LLP, New York, NY (Barbara E. Hoey of counsel), for respondent Maria Jacqueline Nieto.
Bartlett LLP, Garden City, NY (Robert G. Vizza of counsel), for respondent Joel Idowu.



DECISION & ORDER
In an action, inter alia, to recover damages for false arrest, the plaintiff appeals from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated October 5, 2018. The order granted the motion of the defendants City of New York, New York City Police Department (NYPD), Det. James McKenna, and Detective Louis Daria, the separate motion of the defendant Maria Jacqueline Nieto, and the separate motion of the defendant Joel Idowu pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against each of them based upon the plaintiff's failure to comply with court-ordered discovery.
ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
" Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court'" (Vays v Luntz, 179 AD3d 744, 746, quoting Morales v Zherka, 140 AD3d 836, 836-837; see Kihl v Pfeffer, 94 NY2d 118; Montemurro v Memorial Sloan-Kettering Cancer Ctr., 94 AD3d 1066). "When a party fails to comply with a court order and frustrates the disclosure scheme set forth in the CPLR, it is within the court's discretion to strike or dismiss a pleading" (Empire Enters. I.J.J.A., Inc. v Daimler Buses of N. Am., Inc., 172 AD3d 819, 820; see Park Side Constr. Contrs., Inc. v Bryan's Quality Plus, LLC, 156 AD3d 804). The striking of a pleading may be appropriate where there is a clear showing that the failure to comply with discovery demands is willful or contumacious (see CPLR 3126[3]; Ahmed v Ahmed, 175 AD3d 1363; Montemurro v Memorial Sloan-Kettering Cancer Ctr., 94 AD3d at 1066). " Willful and contumacious conduct may be inferred from a party's repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures to comply, or a failure to comply with court-ordered discovery over an extended period [*2]of time'" (Honghui Kuang v MetLife, 159 AD3d 878, 881, quoting Rock City Sound, Inc. v Bashian & Farber, LLP, 83 AD3d 685, 686-687; see Turiano v Schwaber, 180 AD3d 950, 951-952; Empire Enters. I.J.J.A., Inc. v Daimler Buses of N. Am., Inc., 172 AD3d at 820).
Here, the plaintiff failed for a period of more than two years to provide substantive and complete responses to the defendants' requests for a bill of particulars and discovery such as authorizations and documents. The plaintiff further failed to comply with court orders directing such disclosure and did not provide any reasonable excuse for these failures (see Vays v Luntz, 179 AD3d at 746-747; McNelis v Thomas, 171 AD3d 1038; Novick v DeRosa, 51 AD3d 885; Martin v City of New York, 46 AD3d 635, 636; Maiorino v City of New York, 39 AD3d 601). Accordingly, we agree with the Supreme Court's determination granting the separate motions of the defendants City of New York, New York City Police Department (NYPD), Det. James McKenna, and Detective Louis Daria, the defendant Maria Jacqueline Nieto, and the defendant Joel Idowu pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against each of them (see Montemurro v Memorial Sloan-Kettering Cancer Ctr., 94 AD3d at 1067).
RIVERA, J.P., ROMAN, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court