Sweet Constructors, LLC v Wallkill Med. Dev., LLC (2020 NY Slip Op 07114)





Sweet Constructors, LLC v Wallkill Med. Dev., LLC


2020 NY Slip Op 07114


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2017-11394
 (Index No. 7976/09)

[*1]Sweet Constructors, LLC, appellant, 
v
Wallkill Medical Development, LLC, et al., respondents.


Alderman and Alderman, Syracuse, NY (Richard B. Alderman and Edward B. Alderman of counsel), for appellant.
Bartels & Feureisen, LLP, White Plains, NY (Michael Fahey of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for breach of contract and on an account stated, the plaintiff appeals from an order of the Supreme Court, Dutchess County (James D. Pagones, J.), dated September 5, 2017. The order, insofar as appealed from, granted that branch of the defendants' cross motion which was, in effect, pursuant to CPLR 3126 to preclude the plaintiff from introducing certain evidence at trial.
ORDERED that the order is reversed, on the law, with costs, that branch of the defendants' cross motion which was, in effect, pursuant to CPLR 3126 to preclude the plaintiff from introducing certain evidence at trial is denied, and a second order dated September 5, 2017, granting the defendants' application, upon the first order dated September 5, 2017, to dismiss the complaint, is vacated.
In the instant action to recover damages for breach of contract and on an account stated, the defendants cross-moved, inter alia, in effect, pursuant to CPLR 3126 to preclude the plaintiff from introducing at trial any evidence that the defendants demanded in a notice of discovery and inspection dated June 24, 2010, to which the plaintiff did not respond. In opposition, the plaintiff's attorney asserted that it was his understanding that the requested discovery had already been provided to the defendants in a prior, related action between these parties. In an order dated September 5, 2017, the Supreme Court granted that branch of the defendants' cross motion which was to preclude evidence. The plaintiff appeals.
Although the motion court has broad discretion to determine the nature and degree of the sanction to be imposed pursuant to CPLR 3126, "[b]efore a court invokes the drastic remedy of precluding a party from offering evidence at trial, there must be a clear showing that the failure to comply with court-ordered discovery was willful and contumacious" (Giraldo v Highmark Ind., LLC, 175 AD3d 654, 654-655; see Gutman v Cabrera, 121 AD3d 1042, 1043). "A court can infer that a party is acting willfully and contumaciously through the party's repeated failure to respond to demands or to comply with discovery orders" (Sepulveda v 101 Woodruff Ave. Owner, LLC, 166 AD3d 835, 836; see Vays v Luntz, 179 AD3d 744, 746).
Here, the defendants did not show that the plaintiff repeatedly failed to respond to discovery demands or to obey court orders. As such, there was no showing that the plaintiff's failure to comply with the June 24, 2010 discovery demand was willful and contumacious (see De Leo v State-Whitehall Co., 126 AD3d 750, 752; Vago v Kaylyakov, 36 AD3d 687, 689). Furthermore, the defendants' attorney did not submit an affirmation indicating that he had conferred with the plaintiff's attorney in a good-faith effort to resolve the issue regarding the plaintiff's failure to comply with disclosure (see 22 NYCRR 202.7[a][2]; ACME ANC Corp. v Read, 55 AD3d 854, 855).
Accordingly, that branch of the defendants' cross motion which was, in effect, pursuant to CPLR 3126 to preclude the plaintiff from introducing certain evidence at trial should have been denied.
BALKIN, J.P., COHEN, MALTESE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court