Irving v Four Seasons Nursing & Rehabilitation Ctr. (2021 NY Slip Op 06349)





Irving v Four Seasons Nursing & Rehabilitation Ctr.


2021 NY Slip Op 06349


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
BETSY BARROS
PAUL WOOTEN, JJ.


2018-14514
 (Index No. 29517/09)

[*1]Patrice James Irving, etc., appellant, 
v
Four Seasons Nursing and Rehabilitation Center, et al., defendants, Parkshore Health Care, LLC, respondent.


Jonathan Rice (Kenneth J. Gorman, New York, NY, of counsel), for appellant.
Fumuso, Kelly, Swart, Farrell, Polin & Christesen, LLP, Hauppauge, NY (Michelle C. Acosta of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries and medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin Schneier, J.H.O.), dated October 16, 2018. The order, insofar as appealed from, in effect, denied that branch of the plaintiff's motion which was to strike the answer of the defendant Parkshore Health Care, LLC, or to preclude that defendant from offering any evidence at trial.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2009, the plaintiff commenced this action against, among others, the defendant Parkshore Health Care, LLC (hereinafter the defendant), to recover damages for personal injuries, medical malpractice, and related claims. As is relevant to this appeal, in June 2018 the plaintiff moved, inter alia, to strike the defendant's answer or preclude the defendant from offering any evidence at trial, contending that the defendant failed to comply with prior orders regarding discovery. In an order dated October 16, 2018, the Supreme Court, inter alia, in effect, denied that branch of the plaintiff's motion. The plaintiff appeals.
Although the Supreme Court has broad discretion to determine the nature and degree of a sanction to be imposed pursuant to CPLR 3126 (see Sweet Constructors, LLC v Wallkill Med. Dev., LLC, 188 AD3d 1279, 1280; Palmieri v Piano Exch., Inc., 124 AD3d 611, 612), "the drastic remedy of striking a pleading or even precluding evidence . . . should not be imposed unless the failure to comply with discovery demands or orders is clearly willful and contumacious" (Palmieri v Piano Exch., Inc., 124 AD3d at 612; see Sweet Constructors, LLC v Wallkill Med. Dev., LLC, 188 AD3d at 1280). Here, the plaintiff failed to show that the defendant's conduct was willful and contumacious (see De Leo v State-Whitehall Co., 126 AD3d 750, 752; Scorzari v Pezza, 111 AD3d 916, 917).
Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was to strike the defendant's answer or preclude it from offering any evidence at trial.
AUSTIN, J.P., DUFFY, BARROS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court