Sansone v Syracuse Univ. (2022 NY Slip Op 00891)





Sansone v Syracuse Univ.


2022 NY Slip Op 00891


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-09764
2019-03827
 (Index No. 512031/15)

[*1]Gabriel Sansone, appellant-respondent,
v
Syracuse University, respondent-appellant, Tony Chao, respondent, et al., defendant.


Held & Hines, LLP, Brooklyn, NY (Uri Nazryan of counsel), for appellant-respondent.
Barclay Damon LLP, Syracuse, NY (Matthew J. Larkin of counsel), for respondent-appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, (1) the plaintiff appeals, and the defendant Syracuse University cross-appeals, from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated June 28, 2018, and (2) the plaintiff appeals from an order of the same court dated January 17, 2019. The order dated June 28, 2018, insofar as appealed from, granted that branch of that defendant's motion which was, in effect, to preclude the plaintiff from taking that defendant's deposition. The order dated June 28, 2018, insofar as cross-appealed from, denied that branch of that defendant's motion which was pursuant to CPLR 3126 to strike the complaint. The order dated January 17, 2019, insofar as appealed from, granted that branch of that defendant's cross motion which was pursuant to CPLR 3126 to strike the complaint, and directed dismissal of the complaint.
ORDERED that the order dated June 28, 2018, is affirmed insofar as appealed from; and it is further,
ORDERED that the cross appeal from the order dated June 28, 2018, is dismissed in light of our determination of the appeal from the order dated January 17, 2019; and it is further,
ORDERED that the order dated January 17, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant Syracuse University.
"'Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court'" (Vays v Luntz, 179 AD3d 744, 746, quoting Morales v Zherka, 140 AD3d 836, 836-837). "'When a party fails to comply with a court order and frustrates the disclosure scheme set forth in the CPLR, it is within the court's discretion to strike or dismiss a pleading'" (Ewa v City of New York, 186 AD3d 1195, 1196, quoting Empire Enters. I.J.J.A., Inc. v Daimler Buses of N. Am., Inc., 172 AD3d 819, [*2]820; see Park Side Constr. Contrs., Inc. v Bryan's Quality Plus, LLC, 156 AD3d 804, 806-807). "The striking of a pleading may be appropriate where there is a clear showing that the failure to comply with discovery demands is willful or contumacious" (Ewa v City of New York, 186 AD3d at 1196; see CPLR 3126[3]; Ahmed v Ahmed, 175 AD3d 1363, 1364). "'"Willful and contumacious conduct may be inferred from a party's repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures to comply, or a failure to comply with court-ordered discovery over an extended period of time"'" (Ewa v City of New York, 186 AD3d at 1196, quoting Honghui Kuang v MetLife, 159 AD3d 878, 881, quoting Rock City Sound, Inc. v Bashian & Farber, LLP, 83 AD3d 685, 686-687; see Empire Enters. I.J.J.A., Inc. v Daimler Buses of N. Am., Inc., 172 AD3d at 820).
Here, the plaintiff repeatedly violated the Supreme Court's discovery orders, failing to provide timely and complete responses to the defendants' amended interrogatories, requests for a bill of particulars, and health and employment authorizations, without offering any reasonable excuse for the significant delay in compliance (see Ewa v City of New York, 186 AD3d at 1195-96; Vays v Luntz, 179 AD3d at 746-747). Most notably, in violation of two court orders directing the plaintiff to appear for a deposition on a date certain, one of which warned in bold face print that a "FAILURE TO STRICTLY COMPLY WITH THIS ORDER, WITHOUT LEAVE OF THE COURT, WILL RESULT IN PRECLUSION, THE STRIKING OF A PLEADING AND/OR SANCTIONS AS MAY BE APPROPRIATE," the plaintiff failed to appear for the court-ordered deposition on that date, failed to seek leave of court to adjourn the deposition, and failed to comply with the conditional order of preclusion. Under these circumstances, it was a provident exercise of the court's discretion to grant that branch of the motion of the defendant Syracuse University which was pursuant to CPLR 3126 to strike the complaint.
The parties remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., BARROS, HINDS-RADIX and CHRISTOPHER, JJ., concur.

2018-09764 DECISION & ORDER ON MOTION
2019-03827
Gabriel Sansone, appellant-respondent,
v Syracuse University, respondent-appellant,
Tony Chao, respondent, et al., defendant.
(Index No. 512031/15)

Motion by the respondent-appellant on an appeal and a cross appeal from an order of the Supreme Court, Kings County, dated June 28, 2018, and an appeal from an order of the same court dated January 17, 2019, in effect, to dismiss so much of the appeal from the order dated January 17, 2019, as denied reargument, on the ground that no appeal lies from an order denying reargument. By decision and order on motion of this Court dated June 27, 2019, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the motion is denied.
DUFFY, J.P., BARROS, HINDS-RADIX, and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court