Johnson v Ortiz Transp., LLC (2022 NY Slip Op 02987)

Johnson v Ortiz Transp., LLC

2022 NY Slip Op 02987

Decided on May 4, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.

2019-13685
 (Index No. 66425/16)

[*1]Gertrude C. Johnson, appellant, et al., plaintiff,
v
Ortiz Transportation, LLC, et al., respondents, et al., defendants.

Grant & Longworth, LLP, Dobbs Ferry, NY (Andrew C. Chan of counsel), for appellant.
Smith Mazure, P.C., New York, NY (Louise M. Cherkis of counsel), for respondents.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff Gertrude C. Johnson appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated November 4, 2019. The order, insofar as appealed from, denied that plaintiff's motion pursuant to CPLR 3126 to strike the answer of the defendants Ortiz Transportation, LLC, and Omar H. Cespedes or, alternatively, for preclusion of evidence or an adverse inference instruction with regard to those defendants, for failure to comply with discovery.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In November 2016, the plaintiff Gertrude C. Johnson (hereinafter the plaintiff) commenced an action against the defendants Ortiz Transportation, LLC, and Omar H. Cespedes (hereinafter together the defendants) to recover damages for personal injuries she allegedly sustained in a 2015 motor vehicle accident. In October 2019, the plaintiff moved pursuant to CPLR 3126 to strike the defendants' answer or, alternatively, for preclusion of evidence or an adverse inference instruction with regard to them, for failure to provide discovery and appear for depositions. By order dated November 4, 2019, the Supreme Court denied the plaintiff's motion, and the plaintiff appeals.
CPLR 3126 provides that if a party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed . . . , the court may make such orders with regard to the failure or refusal as are just" (see Merrill Lynch, Pierce, Fenner & Smith, Inc. v Global Strat Inc., 22 NY3d 877, 880). "It is within the trial court's discretion to determine the nature and degree of the penalty" (id. at 880; see Irving v Four Seasons Nursing & Rehabilitation Ctr., 199 AD3d 906, 907). Notwithstanding this, "the Appellate Division is vested with its own discretion and corresponding power to substitute its own discretion for that of the trial court, even in the absence of abuse" (Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845; see Henry v Atlantis Rehabilitation & Residential Healthcare Facility, LLC, 194 AD3d 1021, 1022).
"'[T]he drastic remedy of striking a pleading or even precluding evidence . . . should not be imposed unless the failure to comply with discovery demands or orders is clearly willful and [*2]contumacious'" (Irving v Four Seasons Nursing & Rehabilitation Ctr., 199 AD3d at 907, quoting Palmiere v Piano Exch., Inc., 124 AD3d 611, 612; see Ambroise v Palmana Realty Corp., 197 AD3d 1226, 1227). "Willful and contumacious conduct may be inferred from a party's repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures to comply, or a failure to comply with court-ordered discovery over an extended period of time" (Amos v Southampton Hosp., 198 AD3d 947, 948 [internal quotation marks omitted]; see Ambroise v Palmana Realty Corp., 197 AD3d at 1227-1228).
Contrary to the plaintiff's contentions, the Supreme Court did not improvidently exercise its discretion in denying her motion. The plaintiff failed to demonstrate that the defendants repeatedly violated any disclosure order with respect to their responses to the plaintiff's notice of discovery and inspection, and she failed to seek relief from the court's order directing the defendants to bear the costs of further depositions needed as a result of newly served documents which were not produced in response to the plaintiff's demands. Furthermore, while the plaintiff demonstrated that the defendants violated the compliance order dated June 26, 2018, which directed that the defendants be deposed on July 9, and July 16, 2018, "this single incident of noncompliance" did not "constitute a pattern of noncompliance or an indication of willful or contumacious conduct on [the defendants'] part" (Fraracci v Lasouska, 283 AD2d 735, 736; cf. Bellevue v Gustav, 186 AD3d 547, 548; Carbajal v Bobo Robo, Inc., 38 AD3d 820, 821-822).
The parties' remaining contentions are without merit.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court