Sheikh v Poplardo (2022 NY Slip Op 04753)

Sheikh v Poplardo

2022 NY Slip Op 04753

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2020-00753
 (Index No. 511539/16)

[*1]Nauaman Sheikh, appellant, 
v
Peter J. Poplardo, respondent.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum and Jackie Gross], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Ellen Spodek, J.), dated December 20, 2018. The judgment, upon an order of the same court dated June 28, 2018, granting the defendant's motion, inter alia, pursuant to CPLR 3126(3) to strike the complaint, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
"'Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court'" (Vays v Luntz, 179 AD3d 744, 746, quoting Morales v Zherka, 140 AD3d 836, 836-837). "'When a party fails to comply with a court order and frustrates the disclosure scheme set forth in the CPLR, it is within the court's discretion to strike or dismiss a pleading'" (Ewa v City of New York, 186 AD3d 1195, 1196, quoting Empire Enters. I.J.J.A., Inc. v Daimler Buses of N. Am., Inc., 172 AD3d 819, 820; see Park Side Constr. Contrs., Inc. v Bryan's Quality Plus, LLC, 156 AD3d 804, 806-807). The striking of a pleading may be appropriate where there is a clear showing that the failure to comply with discovery demands is willful and contumacious (see CPLR 3126[3]; Ewa v City of New York, 186 AD3d at 1196; Ahmed v Ahmed, 175 AD3d 1363, 1364). "'Willful and contumacious conduct may be inferred from a party's repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures to comply, or a failure to comply with court-ordered discovery over an extended period of time'" (Ewa v City of New York, 186 AD3d at 1196, quoting Honghui Kuang v MetLife, 159 AD3d 878, 881 [internal quotation marks omitted]; see Empire Enters. I.J.J.A., Inc. v Daimler Buses of N. Am., Inc., 172 AD3d at 820; Rock City Sound, Inc. v Bashian & Farber, LLP, 83 AD3d 685, 686-687).
Here, the plaintiff's repeated failure to appear for a deposition, in violation of multiple Supreme Court orders, coupled with his failure to demonstrate a reasonable excuse for that failure, supports an inference that his conduct was willful and contumacious (see Apladenaki v Greenpoint Mtge. Funding, Inc., 117 AD3d 976, 977; Orgel v Stewart Tit. Ins. Co., 91 AD3d 922, 924). Under these circumstances, it was a provident exercise of the court's discretion to grant the defendant's [*2]motion, inter alia, pursuant to CPLR 3126(3) to strike the complaint.
LASALLE, P.J., CONNOLLY, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court