Hongyan Sun v Lee (2023 NY Slip Op 00208)

Hongyan Sun v Lee

2023 NY Slip Op 00208

Decided on January 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-04260
 (Index No. 705371/18)

[*1]Hongyan Sun, appellant,
v
Steve Lee, et al., respondents.

Law Offices of Farrukh Nuridinov, P.C., Brooklyn, NY, for appellant.
Vigorito, Barker, Patterson, Nichols and Porter, LLP, Valhalla, NY (Leilani Rodriguez of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), dated May 8, 2020. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3126(3) to strike the plaintiff's claims related to emotional and psychiatric injuries.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In April 2018, the plaintiff commenced the instant action against the defendants to recover damages for medical malpractice. The plaintiff alleged that as a result of the malpractice she sustained physical, as well as emotional and psychiatric injuries. During the course of discovery, the defendants sought authorizations for the plaintiff's psychiatric treatment records. The plaintiff objected to providing the authorizations. The defendants then moved pursuant to CPLR 3126(3) to strike the complaint based upon a discovery violation or, in the alternative, to strike the plaintiff's claims related to emotional and psychiatric injuries. In an order dated May 8, 2020, the Supreme Court, inter alia, granted that branch of the motion which was to strike the plaintiff's claims related to emotional and psychiatric injuries. The plaintiff appeals.
A plaintiff who commences a medical malpractice action waives the physician-patient privilege with respect to those physical or mental conditions which he or she affirmatively places at issue in the lawsuit (see Dillenbeck v Hess, 73 NY2d 278, 287; Koump v Smith, 25 NY2d 287, 294; Rothstein v Huh, 60 AD3d 839, 839). Here, the Supreme Court correctly determined that the plaintiff waived the physician-patient privilege with respect to the medical records and other documents relating to her alleged emotional and psychiatric condition (see Fox v Marshall, 91 AD3d 710).
"'Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court'" (Vays v Luntz, 179 AD3d 744, 746, quoting Morales v Zherka, 140 AD3d 836, 836-837). "'When a party fails to comply with a court order and frustrates the disclosure scheme set forth in the CPLR, it is within the court's discretion to strike or dismiss a pleading'" (Ewa v City of New York, 186 AD3d 1195, 1196, quoting Empire Enters. I.J.J.A., Inc. v Daimler Buses of N. Am., Inc., 172 AD3d 819, [*2]820; see Park Side Constr. Contrs., Inc. v Bryan's Quality Plus, LLC, 156 AD3d 804, 806-807). The striking of a pleading may be appropriate where there is a clear showing that the failure to comply with discovery demands is willful and contumacious (see CPLR 3126[3]; Ewa v City of New York, 186 AD3d at 1196; Ahmed v Ahmed, 175 AD3d 1363, 1364). "'Willful and contumacious conduct may be inferred from a party's repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures to comply, or a failure to comply with court-ordered discovery over an extended period of time'" (Ewa v City of New York, 186 AD3d at 1196, quoting Honghui Kuang v MetLife, 159 AD3d 878, 881 [internal quotation marks omitted]; see Empire Enters. I.J.J.A., Inc. v Daimler Buses of N. Am., Inc., 172 AD3d at 820; Rock City Sound, Inc. v Bashian & Farber, LLP, 83 AD3d 685, 686-687).
Here, the plaintiff's repeated failure to provide disclosure of her psychiatric medical records, in violation of multiple Supreme Court orders, coupled with her failure to demonstrate a reasonable excuse for that failure, supports an inference that her conduct was willful and contumacious (see Apladenaki v Greenpoint Mtge. Funding, Inc., 117 AD3d 976, 977; Orgel v Stewart Tit. Ins. Co., 91 AD3d 922, 924). Under those circumstances, it was a provident exercise of the Supreme Court's discretion to grant that branch of the defendants' motion which was pursuant to CPLR 3126(3) to strike the plaintiff's claims relating to emotional and psychiatric injuries.
The plaintiff's remaining contention is without merit.
DUFFY, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court