Halyard v Magellan Aerospace N.Y., Inc. (2023 NY Slip Op 05494)

Halyard v Magellan Aerospace N.Y., Inc.

2023 NY Slip Op 05494

Decided on November 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
HELEN VOUTSINAS, JJ.

2020-03689
 (Index No. 706959/17)

[*1]Dontae Halyard, appellant, 
v
Magellan Aerospace New York, Inc., et al., respondents.

Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker, LLP, New York, NY (Patrick J. Lawless and Brian Del Gatto of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered May 7, 2020. The order, insofar as appealed from, in effect, upon reargument, adhered to a determination in an order of the same court entered November 1, 2019, conditionally granting that branch of the defendants' cross-motion which was pursuant to CPLR 3126(3) to dismiss the complaint unless the plaintiff provided certain records within 30 days of the order, denied that branch of the plaintiff's motion which was to vacate the order entered November 1, 2019, and thereupon directed dismissal of the complaint.
ORDERED that the order entered May 7, 2020, is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for injuries that he allegedly sustained when he tripped and fell on a sidewalk abutting premises owned by the defendants. The notes of the plaintiff's visit to the emergency department of a hospital indicated that the plaintiff reported that he was talking on his cell phone at the time of the accident. At his deposition, the plaintiff denied that he was talking on his cell phone when the accident occurred. The defendants made numerous requests for disclosure of the plaintiff's cell phone records for the date of the accident, including by serving discovery demands upon the plaintiff. Following the plaintiff's repeated refusal to produce those records, the defendants moved, inter alia, to compel the production of the plaintiff's cell phone records. In an order dated May 7, 2019, the Supreme Court granted that branch of the defendants' motion and directed the plaintiff to produce his cell phone records within 30 days.
The plaintiff provided the defendants with an "Authorization for release of health information pursuant to HIPAA" dated June 19, 2019, directed to a cell phone provider, which was rejected by the cell phone provider on the ground that a legal demand, and not a HIPPA authorization, was required. In October 2019, the defendants cross-moved, among other things, pursuant to CPLR 3126(3) to dismiss the complaint for the plaintiff's failure to produce his cell phone records. In an order entered November 1, 2019 (hereinafter the conditional order of [*2]dismissal), the Supreme Court conditionally granted that branch of the defendants' cross-motion unless the plaintiff provided his cell phone records within 30 days of the order.
The plaintiff did not comply with the conditional order of dismissal, and instead moved for leave to reargue his opposition to that branch of the defendants' cross-motion which was pursuant to CPLR 3126(3) to dismiss the complaint, or, in the alternative, to vacate the conditional order of dismissal. In an order entered May 7, 2020, the Supreme Court, in effect, granted reargument and, upon reargument, adhered to its original determination conditionally granting that branch of the defendants' motion which was pursuant to CPLR 3126(3) to dismiss the complaint, denied that branch of the plaintiff's motion which was to vacate the conditional order of dismissal, and thereupon directed dismissal of the complaint. The plaintiff appeals.
"Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court" (Morales v Zherka, 140 AD3d 836, 836-837; see Ewa v City of New York, 186 AD3d 1195, 1195-1196). "[C]ompliance with a disclosure order requires both a timely response and one that evinces a good-faith effort to address the requests meaningfully" (Kihl v Pfeffer, 94 NY2d 118, 123; see CDR Créances S.A.S. v Cohen, 23 NY3d 307, 318). "When a party fails to comply with a court order and frustrates the disclosure scheme set forth in the CPLR, it is within the court's discretion to strike or dismiss a pleading" (Empire Enters. I.J.J.A., Inc. v Daimler Buses of N. Am., Inc., 172 AD3d 819, 820; see CPLR 3126[3]; Kihl v Pfeffer, 94 NY2d at 123). A trial court may dismiss the complaint under CPLR 3126 where there is a clear showing that the failure to comply with court-ordered discovery is willful or contumacious (see Ewa v City of New York, 186 AD3d at 1196; Ahmed v Ahmed, 175 AD3d 1363, 1365; see also CDR Créances S.A.S. v Cohen, 23 NY3d at 318). "A court can infer that a party is acting willfully and contumaciously through the party's repeated failure to respond to demands or to comply with discovery orders" (Sepulveda v 101 Woodruff Ave. Owner, LLC, 166 AD3d 835, 836; see Sweet Constructors, LLC v Wallkill Med. Dev., LLC, 188 AD3d 1279, 1280).
Here, the willful and contumacious character of the plaintiff's conduct can be inferred from his repeated failure to respond to the defendants' demands for discovery of his cell phone records, his failure to meaningfully and timely comply with the Supreme Court's order directing such disclosure, and his failure to provide any reasonable excuse for these failures (see Ewa v City of New York, 186 AD3d at 1196; Vays v Luntz, 179 AD3d 744, 747; Pastore v Utilimaster Corp., 165 AD3d 685, 687). Even after the conditional order of dismissal was issued, which again directed the plaintiff to produce his cell phone records, the plaintiff still did not comply with the court's directive. Accordingly, the court properly, in effect, upon reargument, adhered to its prior determination conditionally granting that branch of the defendants' motion which was pursuant to CPLR 3126(3) to dismiss the complaint.
"To be relieved of the adverse impact of a conditional order, a defaulting plaintiff must demonstrate a reasonable excuse for the failure to comply with the order and the existence of a potentially meritorious action" (Goldberg v Breth, 189 AD3d 1368, 1370; see Gibbs v St. Barnabas Hosp., 16 NY3d 74, 80). Here, the plaintiff failed to provide a reasonable excuse for his failure to comply with the conditional order of dismissal (see McNelis v Thomas, 171 AD3d 1038, 1039), and, thus, it is unnecessary to consider whether a potentially meritorious cause of action exists (see Bura v Westfair Corp., 190 AD3d 679, 680; Goldberg v Breth, 189 AD3d at 1370). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was to vacate the conditional order of dismissal.
The plaintiff's remaining contention is improperly raised for the first time on appeal.
CONNOLLY, J.P., BRATHWAITE NELSON, CHAMBERS and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court