Youkelsone v Pannagl (2025 NY Slip Op 03222)

Youkelsone v Pannagl

2025 NY Slip Op 03222

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-04427
 (Index No. 38/19)

[*1]Nadia Youkelsone, appellant,
v
Elaine Pannagl, respondent (and a third-party action). 

Nadia Youkelsone, Selden, NY, appellant pro se.
Lewis Johs Avallone Aviles, LLP, Islandia, NY (Caroline K. Hock of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Thomas Rademaker, J.), entered February 1, 2023. The order granted the defendant's motion pursuant to CPLR 3126 to impose discovery sanctions upon the plaintiff to the extent of directing the plaintiff to pay the defendant's counsel for cancellation fees incurred relating to two independent medical examinations and, in effect, of striking the complaint.
ORDERED that the order is affirmed, with costs.
In January 2019, the plaintiff commenced this action against the defendant to recover damages for personal injuries that the plaintiff allegedly sustained in a motor vehicle accident. On January 22, 2020, the Supreme Court issued a preliminary conference order, which, inter alia, set forth directives regarding party depositions and independent medical examinations. In September 2022, after the completion of the plaintiff's deposition, the defendant sent the plaintiff a notice designating an orthopedist and a neuropsychologist to conduct independent medical examinations, while also setting forth the date, time, and location of each examination (see CPLR 3121[a]). The plaintiff, however, expressed her intention not to appear for the examinations and then failed to do so. In November 2022, the defendant moved pursuant to CPLR 3126 to impose discovery sanctions upon the plaintiff. By order entered February 1, 2023, the court granted the defendant's motion to the extent of directing the plaintiff to pay the defendant's counsel for cancellation fees incurred for the missed examinations and, in effect, of striking the complaint. The plaintiff appeals.
"Pursuant to CPLR 3126, a court may impose discovery sanctions, including the striking of a pleading or preclusion of evidence, where a party refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (Gelin v New York City Tr. Auth., 189 AD3d 789, 792 [internal quotation marks omitted]). "Willful and contumacious conduct may be inferred from a party's repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures to comply, or a failure to comply with court-ordered discovery over an extended period of time" (Sansone v Syracuse Univ., 202 AD3d 851, 852 [internal quotation marks omitted]). "Absent an improvident exercise of discretion, the determination to impose sanctions for conduct that frustrates the purpose of the CPLR should [*2]not be disturbed" (Cobo v Pennwalt Corp. Stokes Div., 185 AD3d 650, 652 [internal quotation marks omitted]). Nonetheless, "actions should be resolved on the merits wherever possible" (Nash v MRC Recovery, Inc., 172 AD3d 1213, 1216). Therefore, "the drastic remedy of striking a pleading or even precluding evidence pursuant to CPLR 3126 should not be imposed absent a clear showing that the failure to comply with discovery demands or orders was willful and contumacious" (Korsinsky & Klein, LLP v FHS Consultants, LLC, 214 AD3d 961, 963 [internal quotation marks omitted]).
Here, despite the terms of the preliminary conference order and the defendant's good faith correspondence, the plaintiff, a licensed attorney, failed to appear for two independent medical examinations without offering a reasonable excuse for her failure to appear. Under the circumstances presented, the Supreme Court providently exercised its discretion in concluding that the plaintiff's conduct was willful and contumacious (see Gafarova v Yale Realty, LLC, 174 AD3d 862, 863-864; Nowak v Veira, 289 AD2d 383, 383-384; cf. Teitelbaum v Maimonides Med. Ctr., 144 AD3d 1013, 1014). Accordingly, the court properly granted the defendant's motion to impose discovery sanctions upon the plaintiff to the extent, in effect, of striking the complaint (see Sansone v Syracuse Univ., 202 AD3d at 851-852). The court also properly directed the plaintiff, as a discovery sanction, to pay the defendant's counsel for cancellation fees incurred in relation to the independent medical examinations (see Jurlina v Town of Brookhaven, 215 AD3d 936, 938; Hilley v Sanabria, 12 AD3d 1188, 1189; Flynn v Debonis, 246 AD2d 852, 853).
BARROS, J.P., DOWLING, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court