Matter of Selma V. Kelter Trust (2025 NY Slip Op 07388)

Matter of Selma V. Kelter Trust

2025 NY Slip Op 07388

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2023-05908
2023-05936

[*1]In the Matter of Selma. Kelter Trust. Robert A. Kelter, etc., respondent; Patricia J. Kelter, appellant. (File No. 4339/16)

Hedayati Law Group, P.C. (Norman A. Olch, New York, NY, of counsel), for appellant.
Connors and Sullivan, PLLC, Brooklyn, NY (Harris S. Papas of counsel), for respondent.

DECISION & ORDER
In a probate proceeding in which Robert A. Kelter petitioned, inter alia, to invoke the in terrorem clause of the Selma V. Kelter Trust, Patricia J. Kelter appeals from two orders of the Surrogate's Court, Kings County (Bernard J. Graham, S.), both dated June 16, 2023. The first order granted those branches of the petitioner's motion which were for summary judgment on those branches of the petition which were to invoke the in terrorem clause of the Selma V. Kelter Trust, for a determination that Patricia J. Kelter had violated the in terrorem clause of the Selma V. Kelter Trust and forfeited her share of the Selma V. Kelter Trust, and to direct the petitioner to distribute the proceeds of the Selma V. Kelter Trust as if Patricia J. Kelter had predeceased Selma V. Kelter, and pursuant to CPLR 3126 to strike the pleadings of Patricia J. Kelter. The second order denied, as academic, the motion of Patricia J. Kelter to disqualify the law firm of Connors and Sullivan, PLLC, from representing the petitioner and to stay the petitioner's motion, among other things, for summary judgment on the petition pending the determination of the motion of Patricia J. Kelter.
ORDERED that the orders are affirmed, with one bill of costs.
In March 2014, Selma V. Kelter (hereinafter the grantor) created the Selma V. Kelter Trust (hereinafter the trust) and transferred certain real property located in Brooklyn (hereinafter the premises) to the trust. The trust named the petitioner, Robert A. Kelter, as the trustee and the grantor's four adult children, including the petitioner and Patricia J. Kelter (hereinafter Patricia), as the remainder beneficiaries of the trust. The trust contained an in terrorem clause, wherein any beneficiary who, "directly or indirectly, under any pretense or for any cause or reason whatever," contested any of the provisions of the trust or instituted, abetted, took, or shared, directly or indirectly, in any action or proceeding against the grantor's estate to impeach, impair, set aside, or invalidate any of the provisions of the trust, forfeited any dispositions therein. The grantor died on October 18, 2016.
In May 2019, the petitioner filed a petition, inter alia, to invoke the in terrorem clause of the trust. The petitioner sought, among other things, a determination that Patricia had violated [*2]the trust's in terrorem clause and forfeited her share of the trust. Thereafter, the petitioner moved, inter alia, for summary judgment on the petition or, in the alternative, pursuant to CPLR 3126 to strike Patricia's pleadings due to her failure to attend scheduled depositions and provide responsive documents to discovery demands. Patricia opposed the motion and moved to disqualify the law firm of Connors and Sullivan, PLLC, from representing the petitioner and pursuant to CPLR 2001 to stay the petitioner's motion, among other things, for summary judgment on the petition pending the determination of Patricia's motion.
In an order dated June 16, 2023, the Surrogate's Court granted those branches of the petitioner's motion which were for summary judgment on those branches of the petition which were to invoke the in terrorem clause of the trust, for a determination that Patricia had violated the in terrorem clause of the trust and forfeited her share of the trust, and to direct the petitioner to distribute the proceeds of the trust as if Patricia had predeceased the grantor, and pursuant to CPLR 3126 to strike Patricia's pleadings. The court determined that Patricia had "violated the in terrorem clause of the [t]rust and impeded the reasonable requests for discovery." Thus, the court concluded that Patricia "forfeited her share of the [t]rust." In a separate order issued the same day, the court denied Patricia's motion as academic. Patricia appeals from both orders.
The Surrogate's Court properly determined that Patricia violated the in terrorem clause and concluded that she forfeited any disposition to her under the trust. "[I]n terrorem clauses in trust agreements, like those in wills, are enforceable but not favored, and must be strictly construed" (Carlson v Colangelo, 44 NY3d 116, 124; see Matter of Singer, 13 NY3d 447, 451; Matter of Biondo, 215 AD3d 677, 678; Matter of Ellis, 252 AD2d 118, 127). "No statute governs in terrorem clauses with respect to trusts, as opposed to wills; nevertheless, statutes and case law pertaining to wills are instructive" (Matter of Neva M. Strom Irrevocable Trust III, 203 AD3d 1255, 1256; see Carlson v Colangelo, 44 NY3d at 124; Matter of Tumminello v Bolten, 59 AD3d 727, 728). "When construing a trust agreement, a court must first look within the four corners of a trust instrument to determine the grantor's intent" (Carlson v Colangelo, 44 NY3d at 124 [internal quotation marks omitted]; see Matter of Piel, 10 NY3d 163, 166).
Here, the petitioner established his prima facie entitlement to judgment as a matter of law on those branches of the petition which were to invoke the trust's in terrorem clause, for a determination that Patricia had violated the in terrorem clause of the trust and forfeited her share of the trust, and to direct the petitioner to distribute the proceeds of the trust as if Patricia had predeceased the grantor. The petitioner's submissions in support of his motion demonstrated, among other things, that in 2015, Patricia commenced an action in the Supreme Court against, among others, the petitioner in his capacity as trustee of the trust to compel determinations of claims to the premises. In the complaint in the 2015 action, Patricia alleged, inter alia, in effect, that the trust had no claim to the premises. Accordingly, the petitioner demonstrated that Patricia contested provisions of the trust within the meaning of the trust's in terrorem clause (see Carlson v Colangelo, 44 NY3d at 124-126; Matter of Neva M. Strom Irrevocable Trust III, 203 AD3d at 1257; Matter of Tumminello v Bolten, 59 AD3d at 728; Matter of Ellis, 252 AD2d at 128). In opposition, Patricia failed to raise a triable issue of fact.
"Pursuant to CPLR 3126, a court may impose discovery sanctions, including the striking of a pleading or preclusion of evidence, where a party refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (Borchkhadze v McMahon, 235 AD3d 944, 946 [internal quotation marks omitted]; see CPLR 3126; Cyngiel v Krigsman, 224 AD3d 875, 877; Aha Sales, Inc. v Creative Bath Prods., Inc., 110 AD3d 1019, 1019). "The willful or contumacious character of a party's conduct can be inferred from the party's repeated failure to comply with discovery demands or orders without a reasonable excuse" (Mirabile v Kuwayama, 231 AD3d 822, 823 [internal quotation marks omitted]; see Lurie v Lurie, 226 AD3d 992, 997; Decius v 1362 Ocean, LLC, 222 AD3d 617, 618).
Here, Patricia's failure to comply with discovery demands or appear for her scheduled deposition, without providing a reasonable excuse for those failures, supported an inference of willful or contumacious conduct (see Hongyan Sun v Lee, 212 AD3d 717, 719; Apladenaki v [*3]Greenpoint Mtge. Funding, Inc., 117 AD3d 976, 977). Under those circumstances, it was a provident exercise of the Surrogate's Court's discretion to grant that branch of the petitioner's motion which was pursuant to CPLR 3126 to strike Patricia's pleadings (see Hongyan Sun v Lee, 212 AD3d at 719; Apladenaki v Greenpoint Mtge. Funding, Inc., 117 AD3d at 977).
The parties' remaining contentions either are improperly raised for the first time on appeal, are without merit, or need not be reached in light of our determination.
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court