Korsinsky & Klein, LLP v FHS Consultants, LLC (2023 NY Slip Op 01667)

Korsinsky & Klein, LLP v FHS Consultants, LLC

2023 NY Slip Op 01667

Decided on March 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2019-13694
 (Index No. 513969/16)

[*1]Korsinsky & Klein, LLP, appellant,
v
FHS Consultants, LLC, respondent.

Korsinsky & Klein, LLP, Brooklyn, NY (Marc Illish of counsel), appellant pro se.
Ellenoff Grossman & Schole, LLP, New York, NY (John B. Horgan of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, by permission, from an order of the Supreme Court, Kings County (Lizette Colon, J.), dated October 2, 2019. The order, upon an order of the same court dated August 9, 2019, directing the plaintiff, inter alia, to serve reformulated document demands replacing earlier demands, and upon the plaintiff's alleged failure to serve said demands, precluded the plaintiff from serving further document demands and interrogatories, precluded the plaintiff from introducing certain documents, and deemed the defendant's interrogatories admitted by the plaintiff.
ORDERED that the order dated October 2, 2019, is modified, on the law and in the exercise of discretion, by deleting the provisions thereof precluding the plaintiff from serving further document demands and interrogatories, precluding the plaintiff from introducing certain documents, and deeming the defendant's interrogatories admitted by the plaintiff, and substituting therefor a provision directing the plaintiff to serve, within 30 days of service upon it of a copy of this decision and order, the reformulated document demands required by paragraph B of the order dated August 9, 2019, and precluding the plaintiff from serving further document demands if it fails to comply; as so modified, the order is affirmed, without costs or disbursements.
Pursuant to a retainer agreement executed in 2007, the defendant retained the Law Offices of Michael Korsinsky, a predecessor to the plaintiff Korsinsky & Klein, LLP, to provide legal services. The plaintiff thereafter represented the defendant in various matters. In August 2016, the plaintiff commenced this action, inter alia, to recover damages for breach of contract. The defendant served an answer. In March 2019, the parties attended a compliance conference at which the Supreme Court issued a compliance conference order. The following month, the plaintiff served document demands and interrogatories as directed by the compliance conference order, and the defendant did the same. The parties then served objection letters upon each other, and they thereafter sought to resolve their discovery dispute by way of various letters, emails, and telephone calls.
In July 2019, the plaintiff moved, inter alia, pursuant to CPLR 3126 to strike the defendant's answer for its alleged failure to provide discovery. The defendant opposed the motion and cross-moved for a protective order pursuant to CPLR 3103 striking the plaintiff's document demands and interrogatories, while also requesting sanctions pursuant to 22 NYCRR 130-1.1 for the [*2]plaintiff's allegedly frivolous conduct. Among other arguments, the defendant asserted that, based on an agreement between the parties, its discovery responses were not yet due at the time the plaintiff made its motion. On August 9, 2019, the parties appeared for a conference on the motion and the cross-motion and the Supreme Court issued an interim order (hereinafter the interim order) which, among other things, resolved portions of the motion and the cross-motion and set forth various discovery directives, while also adjourning the matter to September 30, 2019, for another conference. Among other directives, the court ordered the plaintiff to serve "reformulated" document demands and interrogatories by August 16, 2019. The conference scheduled for September 30, 2019 was adjourned to October 2, 2019. At the conference held on October 2, 2019, the court issued an order in which it determined that the plaintiff failed to serve the document demands and interrogatories required by the interim order and, as a result, precluded the plaintiff from serving further document demands and interrogatories, precluded the plaintiff from introducing certain documents, and deemed the defendant's interrogatories admitted by the plaintiff. The plaintiff appeals.
"Pursuant to CPLR 3126, a court may impose discovery sanctions, including the striking of a pleading or preclusion of evidence, where a party refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (Gorbatov v Tsirelman, 206 AD3d 887, 889 [internal quotation marks omitted]). "However, the drastic remedy of striking a pleading or even precluding evidence pursuant to CPLR 3126 should not be imposed absent a clear showing that the failure to comply with discovery demands or orders was willful and contumacious" (U.S. Bank N.A. v Hadar, 206 AD3d 688, 690 [internal quotation marks omitted]). Moreover, a party must be provided with notice and an opportunity to be heard before a court may impose such drastic remedies for discovery noncompliance (see Atmara, Inc. v Panoramic Ace Props., Inc., 151 AD3d 922, 924; Paradiso v St. John's Episcopal Hosp., 134 AD3d 1002, 1003; Mitskevitch v City of New York, 78 AD3d 1137, 1138), including to allow the party to potentially demonstrate attempts to comply with prior orders, if applicable (see Tung Wa Ma v New York City Tr. Auth., 113 AD3d 839, 839-840).
Here, the Supreme Court improvidently exercised its discretion by imposing the drastic sanction of preclusion upon the plaintiff without affording the plaintiff adequate notice and an opportunity to be heard, including on facts relevant to whether the plaintiff's noncompliance was willful and contumacious. The defendant did not move for sanctions pursuant to CPLR 3126 due to the plaintiff's failure to comply with the interim order, nor did the court make its own motion or include language in the interim order warning that noncompliance would result in sanctions. The court also made its determination without oral argument, such that it is unclear what opportunity the plaintiff had to explain the circumstances of its noncompliance. The record before the court was also devoid of any evidence regarding what, if any, discovery-related correspondence the parties may have exchanged or what communication may have occurred between the date of the August 2019 conference and the October 2, 2019 conference.
In any event, even if the plaintiff had been provided with adequate due process, the Supreme Court still would have improvidently exercised its discretion by, inter alia, precluding the plaintiff from serving further demands and from introducing certain documents. The record contains no showing of "a clear pattern of willfulness and contumacious conduct necessary to justify [such] sanctions" (Gelin v New York City Tr. Auth., 189 AD3d 789, 793). There is no indication that the plaintiff "repeated[ly] fail[ed] to comply with court-ordered discovery" or "fail[ed] to comply with court-ordered discovery over an extended period of time" (Steele v Samaritan Found., Inc., 208 AD3d 1265, 1268). Instead, this case involves a "single incident of noncompliance" with a court order, which was insufficient to warrant a sanction as drastic as preclusion (Johnson v Ortiz Transp., LLC, 205 AD3d 699, 700 [internal quotation marks omitted]), especially given the policy of resolving cases on their merits and the fact that discovery was still ongoing at the time the court made its determination.
Under the circumstances, however, the Supreme Court should have imposed a "lesser sanction on the plaintiff to ensure that the plaintiff complies with its discovery obligations" (U.S. Bank N.A. v Sirota, 189 AD3d 927, 929). A conditional order of preclusion may be issued regardless of whether a party's failure to comply with a court order was willful or contumacious (see Gibbs v [*3]St. Barnabas Hosp., 16 NY3d 74, 82). Accordingly, within 30 days of service upon it of a copy of this decision and order, the plaintiff is directed to serve upon the defendant the reformulated document demands required by paragraph B of the interim order and, if it fails to do so, the plaintiff shall be precluded from serving further document demands.
In light of our determination, the parties' remaining contentions need not be addressed.
BRATHWAITE NELSON, J.P., GENOVESI, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court